## John H. Gernand v. Schmitt & Heinly.

1. STATUTE OF FRAUDS—*Promise Not to be Performed Within One Year.*—Promises not to be performed within one year must be in writing before the defendant can be charged in an action at law with damages for not performing so much thereof as remains unexecuted.

Assumpsit, for rent. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

SALMANS & DRAPER and KIMBROUGH & MEEKS, attorneys for appellant.

GEO. T. BUCKINGHAM, attorney for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

On May 5, 1899, the appellant, John H. Gernand, sued appellees, Schmitt & Heinly, (a partnership composed of Herman Schmitt and Anderson W. Heinly) in the Circuit Court of Vermilion County, in an action of assumpsit to recover rent from December 21, 1897, to September 1, 1898, upon two certain buildings of appellant, known as lot 1, North Vermilion street, and situated in Danville, Ill., which, it is alleged, appellees agreed to pay to appellant.

The declaration as amended, in substance states that Hermann Schmitt, one of the appellees, and one Harry Meis, as partners, under the name of Schmitt & Meis, by two written leases executed by them and appellant, rented of him the premises in question for the term of five years, beginning September 1, 1893, at $300 per month, rent payable monthly during the term. That Schmitt & Meis occupied the premises and paid appellant the rent as provided in the leases until January 10, 1894, when Harry Meis sold his share in the property of the firm of Schmitt & Meis to Anderson W. Heinly, the other appellee herein, which sale included the interest of Meis in the premises which he acquired under the leases. That at this latter date a partnership was formed between Hermann Schmitt

and one Anderson W. Heinly, the other appellee, under the name of Schmitt & Heinly, they at the time agreeing with Meis (and also with appellant), that Schmitt & Heinly would occupy the premises in question from that date until September 1, 1898, as the tenants of appellant under the terms of the lease aforesaid. That appellees did occupy said premises from January 10, 1894, until December 21, 1897, paying appellant the rent as fixed in the leases up to the latter date, at which time appellees, without notice to appellant, abandoned possession of the premises, and since that time have failed and refused to pay appellant the rent therefor, from December 21, 1897, to September 1, 1898, although liable therefor, by reason of which appellant has been damaged in the sum of $3,000 for which he sues, etc.

To the declaration as amended, appellees, among other pleas, interposed their second and third pleas. In the second plea they set up that the promise for which appellant sued them, as set forth in the declaration as amended, was not to be performed within one year after it was made, and was not in writing, for which reason they rely upon the statute of frauds as a bar to appellant's action thereon. Concluding with an offer to verify and praying judgment, etc.

In the third plea they set up that the promise and undertaking for which appellant sued them, as set forth in the declaration as amended, was of and concerning a contract for the sale of lands, tenements, and hereditaments for a longer term than one year, and was not in writing, for which reason they rely upon the statute of frauds as a bar to appellant's action thereon. Concluding with an offer to verify and pray judgment, etc.

As a replication to appellees' second plea appellant set up that the promise of appellees mentioned in the declaration as amended, and upon which suit was brought, " grew out of the aforementioned leasing of the real estate of plaintiff by defendants, which said leasing, by virtue of the holding over mentioned in the declaration, became and was a tenancy from year to year with rents payable monthly in installments of $300 per month and the balance of rent

unpaid by the defendants to the plaintiff was the rent accruing from, to wit, December 21, 1897, to September 1, 1898, being, to wit, the last eight months of the last year of said tenancy from year to year, and was not a promise which was not to be performed within one year from the time of making thereof." Concluding to the country, etc.

As a replication to appellees' third plea, appellant set up " that the promises and undertakings and each and every one of the same in the said plea mentioned and upon which this suit was brought, grew out of the aforementioned leasing of the real estate of the plaintiff by the defendants, which said leasing by virtue of the holding over in the plaintiff's declaration mentioned became and was a tenancy from year to year, with rents payable monthly in installments of $300 per month for each and every year, commencing on the first day of September and ending on the first day of September of the following year, and that the balance of the rents unpaid by the defendant to the plaintiff is the rent accruing from, to wit, the twenty-first day of September, 1898, being, to wit, the last eight months of the last year of said tenancy from year to year, and was not a promise of and concerning a contract for the sale of lands, tenements and hereditaments or any interest in and concerning the same for a longer term than one year, as by the said plea by the defendants thirdly above pleaded is alleged; and this the plaintiff prays may be inquired of by the country," etc.

Appellees demurred to those replications which the court sustained, and appellant abiding by the replications, judgment was rendered for appellees in bar of the action, to reverse which appellant prosecutes this appeal, and urges as a ground therefor, among others, that the court erred in sustaining the demurrer to the replications to the second and third pleas, and in rendering judgment for appellees in bar of the action.

We have given the facts contained in such of the pleadings of the parties to this case, in the above statement, as, in our opinion, warranted the Circuit Court in rendering the judgment appealed from.

Appellant by his declaration avers that appellees, on January 10, 1894, expressly agreed with appellant to take possession of the premises in question on that date, as his tenants, to retain same and pay him as rent therefor $300 per month until September 1, 1898, being a period of four years, seven months and twenty days; and being also an agreement for the sale of lands for a term longer than one year. The declaration further avers that appellees did go into possession of the premises on January 10, 1894, and remained in such possession until December 21, 1897, paying appellant as rent for that time, the $300 each month as provided in the agreement; and it also avers that on the latter date appellees, without notice to appellant, abandoned possession of the premises and refused to pay rent therefor from that time until September 1, 1898, as they had agreed.

The breach of the agreement for which damages are sought to be recovered is the failure to pay the stipulated rent of $300 per month from December 21, 1897, to September 1, 1898.

Clearly we think the agreement which is the basis of this action as shown by the declaration as amended was one required by our statute of frauds to be in writing before appellees could be charged in an action at law with damages for not performing so much thereof as remained unexecuted. See Chicago Attachment Co. v. Davis, 142 Ill. 171; Warner v. Hale, 65 Ill. 395; Creighton v. Sanders, 89 Ill. 543; Marr v. Ray, 151 Ill. 340; Leavitt v. Stern, 159 Ill. 533, and cases cited.

Appellees, by their second and third pleas set up that the promise and agreement of appellees to appellant mentioned in the declaration, was not in writing, for which reason they invoked and relied upon the statute of frauds as a bar to the action.

To these pleas appellant, by way of replication to each, denied that the contract of appellees with appellant, sued upon in the declaration, was a promise not to be performed by appellees within one year after it was made, nor was it an agreement for the sale of lands for a term more than one year, as appellees by those pleas had averred it was, but

utterly failed to set up any facts that met the averment in the pleas that such promise was not in writing.

To these replications appellees demurred both generally and specially, and the court very properly sustained the demurrer, because the declaration stated the terms of the promise, agreement, or undertaking sued upon, and from it the court was required to determine that it was such as the statute of frauds required to be in writing. The pleas said it was not in writing, and that material fact the replication utterly failed to meet.

Counsel for appellant contend, however, that under the facts stated in the declaration, appellees are shown to be tenants of appellant from year to year, for which reason the second and third pleas presented no facts that ought to bar the action.

A complete answer to that contention, we think, is that the declaration itself states that appellees went into possession of the premises and held the same while in such possession, under a special agreement which the declaration sets out, and by which it appears that appellees were not tenants from year to year.

Appellant having abided by his replications which do not answer the second and third pleas, which present a complete defense to the whole declaration, the court properly rendered judgment for appellees in bar of the action upon those unanswered pleas, and we must affirm it.