Henry Bockmann and Fred J. Bockmann, Defendants
in Error, v. David Davis and Jacob Novashelsky,
Plaintiffs in Error.

Gen. No. 16,674.

1. STATUTE OF FRAUDS—*verbal renewal of lease.* Where a ten-
ant holding over alleges to have paid $200 on a verbal renewal of
the lease, such agreement is not taken out of the statute of frauds
where it further appears that the $200 was applied in payment of
rent due under the old lease and the tenant was notified.

2. LANDLORD AND TENANT—*holding over.* A mere holding over
by a tenant does not renew the tenancy except at the option of the
landlord.

Error to the Municipal Court of Chicago; the Hon. W. W. MAX-
WELL, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1910. Affirmed. Opinion filed October 3, 1912.

O'DONNELL, DILLON & TOOLEN, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the
court.

In this case a judgment for possession was entered
by the Municipal Court in an action of unlawful de-
tainer against the plaintiffs in error, whose written
lease of the premises in question had expired. Their
defense was that they were holding over by virtue of
an alleged agreement for a renewal of their lease for
a period of three years, and that an advance payment
of $200 had been made upon the same at the time of
the alleged making of such oral agreement. It was
conceded by their counsel, and it is conceded here, that
such a contract is within the statute of frauds; but it
is alleged that the payment so made, though made over
two months before the new lease was to begin, brings
this case within the rule that where a tenant holds over
after the expiration of his term without any new agree-

ment, and the landlord acquiesces in such holding over and accepts rent from the tenant, a new tenancy is thereby created.

We do not think that the rule mentioned is applicable to the facts of this case. The facts do not, in our opinion, show that there was any consent or acquiescence on the part of the landlord to the holding over. The owner of the premises had executed a written lease to the defendants in error at a higher monthly rental than the plaintiffs in error were paying for the premises in question, on February 21, 1910—three days before the date of the alleged oral contract with the plaintiffs in error. One of the plaintiffs in error testified that about three weeks later, he saw this lease lying on a table in the office of the owner's attorney; that the attorney then told him that the lease with the defendants in error had not been definitely concluded, and that if plaintiffs in error would pay the higher rental which defendants in error were willing to pay, the owner would renew the lease of plaintiffs in error; but they refused to accede to this proposition, evidently preferring to take the chance of compelling the performance of their alleged oral contract to renew at the same rent for three years. It also appears, without contradiction, that the owner applied the $200 to the payment of the rent for March and April, and that on March 4, 1910, the owner so notified the plaintiffs in error by letter. If, therefore, it be conceded that when the $200 was paid to the owner by the plaintiffs in error, the owner verbally agreed to give a new lease for three years, as claimed by plaintiffs in error and their witnesses, such an agreement, being voidable under the statute, could be cancelled by the owner or disregarded at any time before it was fully performed. The action of the owner in applying the payment above mentioned to the payment of the March and April rent and in notifying the plaintiffs in error to that effect, instead of applying it to the payment of rent to accrue

under the alleged renewal lease, amounted to a cancellation or repudiation of the voidable contract previously made, if so made. A partial performance of a contract which is within the statute of frauds is not a good defense in a court of law, and a mere holding over by a tenant does not renew the tenancy, except at the landlord's election. No such right of election belongs to the tenant. Condon v. Brockway, 157 Ill. 90; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Wheeler v. Frankenthal, 78 Ill. 124; Leavitt v. Stern, 159 Ill. 526; Peck v. McCormick Machine Co., 196 Ill. 295; Gernand v. Schmitt, 89 Ill. App. 547.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*