(No. 21718.—

PAULINE ROPACKI, Defendant in Error, *vs.* WALTER RO-
PACKI *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1933.*

W. G. ANDERSON, for plaintiffs in error.

WILLIAM T. DICKERMAN, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Pauline Ropacki filed a bill of complaint in the circuit court of Cook county against Walter Ropacki, Sophia Ropacki, his wife, and other persons to declare the complainant's ownership of a life estate in certain improved real property and to enjoin the prosecution of forcible detainer suits against the tenants occupying the property. A joint answer was filed by Walter Ropacki and Sophia Ropacki, and separate answers were made by Julius F. Smietanka, the trustee, and the Union State Bank of South Chicago, the holder of the notes, under a trust deed in the nature

of a mortgage placed upon the property by the two defendants first named. The cause was referred to a master in chancery. His report was approved and a decree in conformity with the prayer of the bill was entered. To review the record, Walter Ropacki and Sophia Ropacki prosecute this writ of error.

On October 25, 1923, Pauline Ropacki owned in fee simple two lots, improved by a frame cottage and a brick two-apartment building, known as 8724 and 8726 Baltimore avenue, in the city of Chicago. The property was occupied by the owner and her two tenants. She had no other property. Mrs. Ropacki was aged, infirm and in poor health. She had two sons, John, a bachelor, upwards of forty years of age, and Walter, who was married. John lived with his mother; she reposed great confidence in him and sought his advice respecting the care and management of her property. John assured her that if she would convey the property to him, he would not marry, but would continue to live with, care for and support her during the remainder of her life. The mother desired that her son Walter should share in the property after her death. She was induced to adopt the following plan for the division and settlement of her estate: The value of the property was fixed at $10,000, and on October 25, 1923, she conveyed the property to John, and he in turn, on the same day, incumbered it by a trust deed in the nature of a mortgage to Walter. This trust deed was given to secure the payment of John's note for $5000, payable in ten years, with interest at five per cent, payable annually. The mother understood that, by these instruments, she remained the owner of the property during life; that they effected an equal division between her two sons after her death, and that John would live with and care for her as long as she lived.

Shortly after the conveyance was made, John began to neglect his mother. He married contrary to his promise,

took his wife to the property and resided with her in one of the apartments. He became ill, and while mentally incompetent, conveyed the property to one Bertha Doberstein who immediately re-conveyed it to John and his wife in joint tenancy. John died later the same day. His widow, Mary, took possession of the muniments of title and moved from the premises. The mother continued to reside in the property and collected the rents derived therefrom. Owing to John's failure to keep his promises to his mother, she claimed that the deed to him, the trust deed to Walter, the deed to Bertha Doberstein and the latter's deed to John and Mary Ropacki were without consideration and therefore void and constituted clouds upon the title to the property.

The foregoing were the facts charged in a bill of complaint filed in the circuit court of Cook county on April 27, 1929, by Pauline Ropacki, the mother, against Walter Ropacki, her son, and Mary Ropacki, the widow of John Ropacki, deceased. By this bill, the complainant sought to set aside the warranty deed to John Ropacki, dated October 25, 1923; to cancel the note and set aside the trust deed executed by John Ropacki on the same day, and to require Mary Ropacki, John's widow, to re-convey the property to the complainant. The proceedings in the cause resulted in the dismissal of the bill for the want of equity. The complainant prosecuted an appeal to this court and the decree of the circuit court was affirmed. *Ropacki* v. *Ropacki,* 341 Ill. 301.

After the foregoing litigation had been concluded, Mary Ropacki on December 1, 1930, conveyed the property to Walter Ropacki and Sophia Ropacki, his wife, in joint tenancy. These grantees, on the same day, incumbered the property by a trust deed to Julius F. Smietanka to secure the payment of their note for $3000, due in three years with interest, the installments of which were evidenced by coupons. Both the deed and the trust deed were filed for record. The Union State Bank of South Chicago became

the holder of these notes. Thereafter, on January 26, 1931, and while Pauline Ropacki continued in possession of the property and collected the rents therefrom, Walter Ropacki and Sophia Ropacki caused written demands for possession to be served upon the tenants. Non-compliance with these demands was followed by the institution of four forcible detainer suits.

The allegations of the first bill of complaint relating to Pauline Ropacki's ownership of the property and her uninterrupted possession of it, the execution of the deed to John Ropacki and of the trust deed to Walter Ropacki, and the purposes sought to be accomplished by these instruments are repeated in the present bill. Additional allegations in the later bill are that John, Mary and Walter Ropacki intended to defraud Pauline Ropacki of her life estate in the property; that by the forcible detainer suits Walter and Sophia Ropacki sought to terminate her possession of it, and that since the death of John Ropacki, she has been deprived of the care and maintenance to which, by the conveyance of her property, she was entitled.

The first contention of the plaintiffs in error is that the adjudication in the former suit, which, by their answer, they interposed as a defense, is a bar to the relief sought. The doctrine of *res judicata* is based upon the principle that a matter, whether consisting of one or many questions, which has been adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled, except upon a direct review, in any subsequent litigation between the same parties in which the same question or questions arise. (*Hanna* v. *Read*, 102 Ill. 596; *Attorney General* v. *Chicago and Evanston Railroad Co.* 112 id. 520; *Wright* v. *Griffey*, 147 id. 496; *Hanna* v. *Drovers' Nat. Bank*, 194 id. 252; *In re Estate of Stahl*, 227 id. 529; *City of Chicago* v. *Partridge*, 248 id. 442). In case the former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of par-

ties, subject matter and cause of action. (*Hanna* v. *Read, supra; Wright* v. *Griffey, supra; Leopold* v. *City of Chicago,* 150 Ill. 568; *Markley* v. *People,* 171 id. 260; *Chicago Theological Seminary* v. *People,* 189 id. 439; *City of Chicago* v. *Partridge, supra*). Where, however, some controlling fact or matter material to the determination of both causes has been adjudicated in a former proceeding by a court of competent jurisdiction and the same fact or matter is again at issue between the same parties, the adjudication of the fact or matter in the first suit, if properly presented and relied upon, will be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits or not. (*Hanna* v. *Read, supra; Wright* v. *Griffey, supra; Leopold* v. *City of Chicago, supra; Potter* v. *Clapp,* 203 Ill. 592; *Brack* v. *Boyd,* 211 id. 290; *Teel* v. *Dunnihoo,* 230 id. 476; *Chicago Title and Trust Co.* v. *Moody,* 233 id. 634; *City of Chicago* v. *Partridge, supra*). In order that a former adjudication may operate as an estoppel, it must be made to appear by the party who invokes the estoppel, that the precise question presented in the subsequent suit was raised and determined in the former suit. *City of Chicago* v. *Partridge, supra; Svalina* v. *Saravana,* 341 Ill. 236.

The relief sought by the complainant in the former suit was to obtain a re-conveyance of the property; in this suit she seeks to establish, not an estate in fee simple, but a life estate in the same property and to restrain interference with her possession of it. Certain facts alleged as grounds for relief in the second bill of complaint arose after the prior litigation had been concluded. The issue presented by the second bill differed from that raised and determined upon the first. The former adjudication, therefore, is not a bar to the maintenance of the second suit.

The plaintiffs in error, by their answer, also interposed the Statute of Frauds as a defense. An executory contract for the sale of land, orally made, is within the pro-

visions of the statute, and may be avoided by the defendant when he relies upon the statute by demurrer, plea or answer. (*Koenig* v. *Dohm*, 209 Ill. 468; *Stein* v. *McKinney*, 313 id. 84; *Kelly* v. *Fischer*, 263 id. 184). An oral contract, however, wholly performed by one party may exclude it from the provisions of the statute and require performance by the other party. (*Gould* v. *Elgin City Banking Co.* 136 Ill. 60; *McClure* v. *Otrich*, 118 id. 320; *Worden* v. *Sharp*, 56 id. 104). A parol promise in consideration of which a deed of conveyance was made may be enforced in equity. (1 Perry on Trusts and Trustees, (7th ed.) p. 277; *Larmon* v. *Knight*, 140 Ill. 232; *Gallagher* v. *Northrup*, 215 id. 563). In case one party to an oral contract has, in reliance thereon, so far performed his part of the agreement that it would be the perpetration of a fraud upon him to allow the other party to repudiate the contract by invoking the Statute of Frauds, equity will regard the case as removed from the operation of the statute and will enforce the contract by decreeing its specific performance or by granting other appropriate relief. (*Nelson* v. *Nelson*, 334 Ill. 43; *Adkins* v. *Adkins*, 332 id. 422; *Dalby* v. *Maxfield*, 244 id. 214; *White* v. *White*, 231 id. 298; *Ashelford* v. *Willis*, 194 id. 492; *Clancy* v. *Flusky*, 187 id. 605; *Langston* v. *Bates*, 84 id. 524). The proviso to section 9 of the statute relating to frauds and perjuries declares that trusts created by construction, implication or operation of law, need not be in writing, but may be proved by parol. (Cahill's Stat. 1931, p. 1524; Smith's Stat. 1931, p. 1567). Trusts *ex maleficio* are adjudged and enforced by the courts and the statute does not apply to them. *Gladville* v. *McDole*, 247 Ill. 34; *Larmon* v. *Knight, supra.*

Pauline Ropacki charged in her bill that the consideration for her conveyance was that she retain a life estate in the property and receive care and support during the remainder of her life; that the subsequent conveyances were made with the intent to defraud her of her life estate, care

and support; that Walter and Sophia Ropacki, by the several forcible detainer suits against her tenants, sought to deprive her of possession of the property; that the successive grantees took title to the property with notice of the complainant's rights, but that they refused to assume the burdens which the acquisition of the property imposed, and finally that the complainant had performed the agreement on her part. The Statute of Frauds is not available to perpetrate fraud or to exclude competent evidence supporting the allegations of the bill.

The decree of the circuit court is affirmed.

*Decree affirmed.*