(No. 30394.—

WILLIAM D. McGRORY *et al.,* Appellees, *vs.* ALAN G. Mc-CORMICK *et al.,* Appellants.

*Opinion filed May 20, 1948.*

Louis C. Nettlehorst, of Chicago, for appellants.

Hirsch & Sorrentino, (Alvin Hirsch, and Nathan Engelstein, of counsel,) all of Chicago, for appellees.

Mr. Justice Wilson delivered the opinion of the court:

This is a direct appeal from the superior court of Cook County by the defendants, Alan G. McCormick and Robert P. McFarland, who were ordered by the court to execute a warranty deed to the plaintiffs, William D. and Harriet McGrory, as required by a contract for deed between the parties. The facts show that Robert P. McFarland and Alan G. McCormick were owners in joint tenancy of a certain tract of real estate described in the pleadings as 14832 South Grant Street, Dolton, Illinois. The joint tenants were engaged in developing a subdivision in Dolton. Incident thereto, McCormick arranged for the construction of a house on this particular tract of land by the McFarland Construction Company. Robert P. McFarland and his wife, Virginia McFarland, executed a note for $5600, payable to the order of the Citizens Federal Savings and Loan Association of Chicago Heights, Illinois, secured by a mortgage, ostensibly to pay for the construction of the house. In March, 1946, the plaintiffs, William D. and Harriet Mc-

Grory, were shown through the building then under construction by William S. McFarland. McGrory and his wife were satisfied with the building and, on March 14, 1946, entered into a contract for deed to the property. The contract was signed by Alan G. McCormick, one of the joint tenants, and by William S. McFarland for the McFarland Construction Company. Possession was assumed by plaintiffs on May 12, 1946.

On July 1, 1946, Robert P. McFarland, the other joint tenant but a nonsignatory to the contract, wrote a letter to plaintiffs advising them that, although their contract called for a specified amount, certain construction costs had been applied retroactively by the contractor, and asked plaintiffs to furnish an additional $350 to cover these costs. On July 24, 1946, Robert P. McFarland wrote a letter to the Citizens Federal Savings and Loan Association advising it that plaintiffs had purchased the property in controversy and that they would, in the near future, assume the mortgage indebtedness.

After plaintiffs had made eleven payments on the mortgage debt, the Citizens Federal Savings and Loan Association refused to transfer the mortgage to the plaintiffs' names until the latter had the record title, evidenced by warranty deed from defendants. They, in turn, refused to execute a deed until plaintiffs paid the extra $350. Thereupon, plaintiffs instituted this action for specific performance of the contract for deed.

The chancellor found the facts as recounted and, in addition, that Robert P. McFarland, although not a party to the original contract, had ratified the contract by his subsequent actions; that he and his joint tenant were estopped to deny they were bound by the terms of the contract; that plaintiffs had performed all of the provisions of the contract in their power, and that they were ready, willing and able to perform all others and, hence, entitled to specific performance. Defendants, Alan G. Mc-

Cormick and Robert P. McFarland, were directed to execute a deed to plaintiffs, judgment was entered for plaintiffs' costs, and William McFarland and Virginia McFarland dismissed as parties defendant.

Defendants contend that there was no agency relationship between Robert P. McFarland and Alan G. McCormick or William S. McFarland and that, therefore, the contract is not enforceable against Robert P. McFarland, one of the joint tenants. Reliance is placed on the Statute of Frauds, (Ill. Rev. Stat. 1947, chap. 59, par. 2,) since one joint tenant did not sign the contract. Defendants also assert that all conditions of the contract had not been performed by plaintiffs; that completion of the house was called for in the contract before a deed should issue and, accordingly, evidence with respect to the state of completion of the house should not have been barred and, finally, that the doctrine of estoppel is inapplicable. To sustain the decree, plaintiffs maintain that the challenged contract, signed by one joint tenant owner, was ratified, adopted and acknowledged as a valid contract by the other joint tenant owner who did not sign the contract and that, by receiving the consideration and knowingly permitting plaintiffs to take possession, make improvements, and make payments on the mortgage debt, the joint tenant owner who did not sign the contract is now estopped to deny he is bound by the contract.

A review of the evidence discloses that plaintiffs had done everything within their power to comply with the contract. They had made their down payment, had entered into possession and made valuable improvements upon the property, and had made eleven payments on the mortgage indebtedness at the time of initiating this action. It is the practice of banks and loan companies to grant a loan only when the record title is in the name of the borrower. Similarly, it is not possible for a buyer to assume an existing loan until record title is transferred from the vendor. This

procedure was clearly set out in the testimony of A. J. Klyszek, executive officer of the loan company.

The record further discloses that defendants were operating a joint venture for the purchase of lots and the erection of houses thereon for purposes of resale. Robert P. McFarland testified that his only interest in the project was in the vacant lot and that Alan G. McCormick had the interest in the building. We observe, however, that McCormick testified his interest in the project was only $750 and that Robert P. McFarland and his wife, Virginia, had both signed the note and mortgage when money was obtained to build the house. According to the testimony of the representative of the loan company, McFarland and McCormick had handled over thirty projects of this nature in the same manner prior to the transaction with McGrory. Letters written by Robert P. McFarland on July 1 and July 24, 1946, and the subsequent payments by plaintiffs on McFarland's mortgage indebtedness at the loan company, showed a full ratification by Robert P. McFarland of the contract entered into with plaintiffs. Permitting plaintiffs to make payments on the mortgage debt was comparable to permitting them to make payment directly to Robert P. McFarland and his wife to apply on the purchase price of the house. This being so, the doctrine of estoppel is applicable in the case at bar because defendants permitted plaintiffs to perform their part of the contract on the representation that they, in turn, would convey a good title. The acts of plaintiffs were of considerable financial benefit to defendants and they are now estopped to deny the validity of the contract under which these acts were performed. (*Holmes* v. *Holmes*, 44 Ill. 168; 21 C.J., Estoppel, sec. 221.) Moreover, where one party to an executory contract for the sale of land, orally made, has, in reliance thereon, so far performed his part of the agreement that it would be the perpetration of a fraud upon him to allow the other party to repudiate the con-

tract, equity will regard the case as removed from the operation of the Statute of Frauds. *Ropacki* v. *Ropacki,* 354 Ill. 502; *Mayo* v. *Mayo,* 302 Ill. 584; *Union Mutual Life Ins. Co.* v. *White,* 106 Ill. 67.

The provisions in the contract relating to the issuance of the deed upon the completion of the building were as follows: "Prorations for taxes and insurance shall be made when building is completed at which time seller shall deliver a deed of conveyance and a Chicago Title and Trust Company owner's policy." These were mere recitals of an orderly plan of procedure. They were not conditions precedent and, in any event, were for the protection and benefit of the buyer and not the seller. The chancellor properly excluded tendered evidence relating to the completion of the building as irrelevant.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*