**O. G. Scoville, and Inez Scoville, Plaintiffs-Appellees, v. Walter Dehart, Defendant-Appellant.**

## Gen. No. 10,148.

Third District.

May 21, 1958.

Released for publication June 7, 1958.

Schimmel & Schimmel, of Pittsfield, and Robert E. Utter, of Mt. Sterling, for appellant.

Penick, Wooleyhan and Nielson, of Quincy (Ira C. Pierson, of counsel) for appellees.

PRESIDING JUSTICE CARROLL delivered the opinion of the court.

This is an action to recover damages for defendant's alleged trespass on a 120 acre tract of farm land owned by plaintiffs.

In 1950, O. G. Scoville and Inez Scoville, plaintiffs, entered into a partnership agreement with Walter Dehart, defendant, under which defendant was to farm certain lands of the plaintiffs which included the 120 acres involved in this litigation. The terms of the agreement are not in dispute and provided generally that the defendant was to furnish the farming equipment and labor and that the profits of the operation would be divided equally between the partners. The partners maintained a general bank account in the Stockyards National Bank at East St. Louis, Illinois. This partnership arrangement continued until September, 1955, when discussions began between the plaintiff O. G. Scoville and the defendant concerning dissolution of the partnership. At that time clover was growing on 100 acres of the tract in controversy and there was some corn on the other 20 acres. On September 25, 1955, the partners agreed that the partnership should be dissolved.

The controversy which led to the filing of this suit is over the terms of the dissolution agreement. In addition to providing for division of the bank account and partnership chattels, concerning which there is no dispute, plaintiffs maintain that the agreement was that plaintiffs were to pay defendant $16,000, payable $6,000 on October 1, 1955 and the balance of $10,000 on January 1, 1956; that defendant was to have the right to continue to occupy plaintiffs' house on the farm until January 1, 1956 at which time possession thereof would be surrendered to plaintiffs; and that plaintiffs were to have immediate possession of all of the farm. Defendant's version of the agreement is that it provided for payment of the entire $16,000 on October 1, 1955; that he was to deliver possession of the dwelling house March 1, 1956 or sooner if a new house he was building was completed prior to that date; that he was to retain possession of and continue farming 120 acres of the

farm during the 1956 crop year with the same division of profits as prevailed under the partnership agreement. The record shows that plaintiffs paid defendant the $16,000 on October 1, 1955; that plaintiffs pastured the 120 acres during the Fall and Winter of 1955–1956; that in March, 1956 defendant did some disking on the 120 acres and plaintiffs then gave defendant notice not to trespass on the property; that early in April, 1956 plaintiffs put 108 head of steers and some hogs to pasture on the clover growing on the 120 acres; that subsequently defendant plowed about 90 per cent of the clover land; and thereupon plaintiffs moved their cattle from the clover pasture to a dry lot.

Damages claimed in the complaint are for loss in weight of the cattle resulting from the destruction of the clover pasture by defendant. Defendant's answer denied the allegations of the complaint and set up the additional defense that defendant was a tenant on the 120 acres pursuant to a verbal lease. Defendant also filed a counterclaim alleging wrongful dispossession from the tract and asking damages arising by reason thereof. After the proofs had been submitted, plaintiffs were permitted to amend their answer to the counterclaim to include the affirmative defense of the Statute of Frauds. Plaintiffs' motion for a directed verdict at the close of all the evidence was allowed and the court instructed the jury to find the issues for the plaintiff both as to the complaint and the counterclaim and to assess plaintiffs' damages. The court overruled defendant's post trial motion and entered judgment on the verdict from which defendant has appealed.

Reversal of the judgment is urged upon the ground that the trial court erred in directing a verdict for plaintiffs, in limiting the cross-examination of plaintiff, O. G. Scoville, and in permitting plaintiffs to file the affirmative defense of the Statute of Frauds after all the evidence had been heard.

Plaintiffs' action is a suit at law for money damages allegedly resulting from defendant's trespass. The defense interposed by defendant is that he was a tenant under an oral lease. The Statute of Frauds provides in part as follows:

"That no action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

Sec. 1, Chap. 59, Illinois Revised Statutes, 1955.

 Obviously, this Statute applies to the lease in question. However, defendant advances the argument that by reason of part performance, said lease is taken out of the Statute. Such argument overlooks the rule that in actions at law, part performance of a contract which is within the Statute of Frauds does not take it out of the operation of the Statute. The proposition for which defendant contends applies under certain circumstances in chancery but not in law actions. I. L. P. Frauds, Statute of, Sec. 92; Sterenberg v. Beach, 219 Ill. App. 68; Bockman v. Davis, 172 Ill. App. 505.

 When the foregoing rule is applied to the facts in this record, it is apparent that the defense of possession and part performance under an oral lease was not available to defendant. Likewise, his counterclaim could not be based on the alleged oral lease. Consequently all argument in the briefs as to whether the negotiations between the parties or their subsequent conduct resulted in a valid oral lease is irrelevant so far as the issues in this case are concerned. It is not disputed that the lease in question could not be performed within a year and consequently came within the Statute of Frauds.

422

In view of the conclusion reached herein, consideration of other errors assigned is rendered unnecessary.

For the reasons indicated, the judgment of the Circuit Court is affirmed.

Affirmed.

REYNOLDS and ROETH, JJ., concur.