BROWN OIL COMPANY *et al.*, Plaintiff-Appellee, *v.* WHITMORE CHEVROLET SALES, INC., Defendant-Appellant.

(No. 71-146; 

Third District—May 23, 1972.

Craig Armstrong, of Ottawa, for appellant.

John A. Berry, of Streator, and Ernest H. Pool, of Ottawa, both for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant, Whitmore, purchased a parcel of land in 1967 and the deed conveyed certain easements over adjacent servient land. The latter servient parcel was the subject of a trust deed executed and recorded prior to the date of the defendant's deed. Brown, as plaintiff, procured foreclosure of the trust deed and the said decree found and adjudged that defendant's claim to the easements over the mortgaged premises were junior and subordinate to the rights of plaintiff under the trust deed. Defendant appeals. The Supreme Court transferred the case to this Court.

Defendant's answer to the complaint in foreclosure alleged an oral agreement "partially performed" between plaintiff and defendant to the effect that the latter's easements would "be vested in the defendant". This answer is so wanting in allegations of fact as to be virtually meaningless. Defendant also filed a counter-claim for damages alleged to result from being deprived of the use of the easements. It alleged an oral promise by plaintiff with, as consideration, delivery of an item of tangible personal property and forebearance to exercise its rights in the easements. Plaintiff filed a motion to strike the counter-claim, pointing out that the asserted oral agreement related to the release of an interest under a mortgage and was subject to the defense of the Statute of Frauds, 1969 Ill. Rev. Stat., ch. 59, par. 2. In a written memoranda the trial court stated that in an action at law, the doctrine of part performance does not affect a defense of the Statute of Frauds and the court struck the counter-claim.

Plaintiff filed a reply to defendant's answer and gave notice of hearing on the merits for December 19, 1969. Upon defendant's motion the

case was continued for hearing on the merits on January 12, 1970. The parties appeared on that date and defendant moved to file an amended counter-claim which, in Count I, restated the original claim for damages for loss of use of the easements, and in Count II prayed that by reason of the asserted oral agreement that title in the easements be vested in it. Upon plaintiff's objection, the court ruled that Count I of the amended counter-claim had been ruled upon in striking the original counterclaim and that the matters asserted in Count II were the same as those set forth in the answer, and that proof could be offered on the latter pleadings. Plaintiff made the proof necessary for a decree in foreclosure. Defendant then asked for a two week continuance as counsel had not prepared interrogatories or procured discovery. The court denied a continuance and asked if defendant had any evidence. The latter failed or refused to proceed and present evidence at the hearing.

■■ It was asserted in the trial court, and again here, that such ruling was a denial of due process in that counsel was prevented from preparing and presenting any defense. In the trial court, and here, defendant argues that the pleadings were not settled until the court had ruled upon the amended counter-claim, and that taking discovery or serving interrogatories could not be completed until issues were settled. Plaintiff points out that the issues of defendant's asserted equitable defense was essentially framed by its answer filed in the preceding August. Such fact distinguishes this case from *Pettigrew v. National Accounts System, Inc.,* 67 Ill.App.2d 344, 213 N.E.2d 778, cited by defendant. This cause had been set for hearing on the merits when defendant procured a continuance of more than three weeks. It is a remarkable proposition to now assert that pleadings which had essentially already been ruled upon can again be tendered with a result that the case ceases to be at issue. Defendant failed and refused to present evidence in support of its answer. As defined in *Pettigrew,* defendant received due process when he had notice and an opportunity to be heard in an orderly proceeding. We find no abuse of discretion in the denial of a continuance. *Benton v. Marr,* 364 Ill. 628, 5 N.E.2d 466.

Defendant's argument that the alleged oral agreement was outside the ambit of the Statute of Frauds by reason of partial performance and that it was error to dismiss its counterclaim is without merit. As noted, defendant had an opportunity under its answer to present evidence which might establish the equitable interest asserted in the easements through Count II. No such evidence was presented.

■■ As to the dismissal of the counter-claim for damages, authorities support the conclusion of the court that partial performance of an oral contract does not take an action of law from the operation of the Statute of

Frauds. (*Sterenberg v. Beach,* 219 Ill.App. 68; *Scoville v. Dehart,* 17 Ill.App.2d 419, 150 N.E.2d 369.) *Ropacki v. Ropacki,* 354 Ill. 502, 188 N.E. 400 and *Gould v. Elgin City Banking Co., et al.,* 136 Ill. 60, 26 N.E. 497, cited by defendant concern proceedings where equitable relief was sought. They do not support defendant's position. *Cook-Master, Inc. v. Nicro Steel Products, Inc.,* 339 Ill.App. 519, 90 N.E.2d 657, dealt with a provision of the former Sales Act, Ill. Rev. Stat., ch. 121½, par. 4(2), and is limited to interest in personal property.

■■ Plaintiff urges that the appeal was prosecuted for purposes of delay, and that on affirmance of the decree defendant should be required to pay ten per cent of the amount due under such decree under the provisions of 1969 Ill. Rev. Stat., ch. 33, par. 23. The record shows no stay of proceedings in foreclosure upon filing an appeal bond as provided in Supreme Court Rule 305. So far as the record shows there was, in fact, no delay in plaintiff's relief through foreclosure and sale. Again, such penalty would be measured by a debt of one other than the defendant. The statutory sanction should not be imposed under these circumstances.

The decree of the trial court is affirmed.

Decree affirmed.

CRAVEN and SMITH, JJ., concur.