H. F. LEOPOLD *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa June 19, 1894.*

1. EMINENT DOMAIN—*compensation for damage to property not taken.* The provision in section 13, article 2, of the constitution, which prohibits the damaging of private property for a public use without making just compensation, is equally mandatory with that against taking private property for public use without making just compensation, and renders unlawful every such damaging unless the compensation be fixed and ascertained by a jury. And ample provision must be made by law, so that the owner shall receive payment of compensation without unreasonable and vexatious delay.

2. SAME—*set-off of benefits.* No supposed benefits to the property not taken can be set off against the compensation to be paid for the land actually taken, but in respect of damages to land not taken, special benefits to the property damaged may be set off against the damages accruing to the property.

3. SAME—*supplemental proceeding—relitigation of damages to property not taken.* A judgment in a proceeding by a city to condemn a part of a lot for a street is final and conclusive upon the parties as to the compensation to be paid for the part taken, and damages to the residue; and upon a supplementary proceeding to raise money to pay such compensation, the question of damages to the lot not taken, and fair and just compensation for the part taken, can not be relitigated.

4. The issue to be tried in the proceeding for the confirmation of the assessment, precludes the idea that damages to the lot owner by reason of the taking of a portion of his property are to be considered. The commissioners appointed to spread the assessment are required, simply, to deal with the lot as they find it, the damages from the taking having, in theory, at least, been determined in the condemnation proceeding.

5. SAME—*payment of damages by benefits—assessing land twice for benefits.* Where benefits are set off against damages to the part of the land not taken, in a proceeding to condemn for a street, an attempt to raise money to pay for the property taken or damaged, by the assessment of special benefits on the same land, under section 23 of article 9 of the City and Village act, and thus require the owner to pay the benefits twice, is in palpable violation of the constitution.

6. The recovery of the special benefits in a condemnation proceeding will estop the city from again imposing the same, by way of special

assessment, upon the same property. The land owner can not be required to twice pay the special benefits to his property.

7. RES JUDICATA—*when causes of action are different.* Where some controlling fact or matter material to the determination of two causes of action has been adjudicated in a former proceeding in a court of competent jurisdiction, and the same fact or matter is again at issue between the same parties, the adjudication of the fact or matter in the first suit, if properly presented, will be conclusive upon the same question in the latter suit, irrespective of whether the cause of action is the same in both suits or not.

8. Where a city filed its petition for condemnation of a part of a lot for an alley, and the lot owner filed a cross-petition for damages to the part of the lot not taken, and the owner offered proof of damages, and the city offered evidence showing benefits to the remainder of the lot, and the jury found no damages, it was *held,* in a proceeding by the city to assess benefits on the part of the lot not taken, that the land could not be assessed a second time for the benefits accruing from the improvement.

9. SAME—*parol evidence—to show matter litigated in prior suit.* It is ordinarily sufficient, where a judgment is relied on as a bar to a subsequent suit, that the issues are the same in both cases; but where the adjudication of some material fact or matter is relied upon as an estoppel between the same parties, parol evidence of what occurred on the former trial,—what was actually submitted and determined,—is always admissible.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE F. BLANKE, Judge, presiding.

An ordinance was passed by the city of Chicago for opening an alley from Seventy-third to Seventy-fourth street, and lying between Yates and Bissell avenues, in said city. The city filed its petition November 25, 1892, in the Superior Court of Cook county, praying that ascertainment be had of the just compensation to be made to property owners for property to be taken and damaged therefor. On April 15, 1893, by the verdict of a jury, just compensation was ascertained as to the several lots, etc., aggregating the sum of $1400. On July 6, 1893, the city of Chicago filed its supplemental petition, asking that an assessment of benefits be made upon property benefited, to raise that sum, together with

costs, etc., and that commissioners be appointed to make the assessment. An order was made appointing commissioners, and finding the cost to be $169, and the probable further cost to be $400, and ordering the same to be assessed upon the property benefited, so far as the same could be done, etc. Commissioners reported an assessment roll, apportioning the entire sum of judgment and cost as benefits to property assessed, the assessment upon appellants' lot, No. 21, being $170. Objections were filed by appellants to the confirmation of the assessment roll, which were overruled by the court, and exceptions taken. In the view taken, consideration of these exceptions is deemed unnecessary.

Upon the hearing, the city introduced in evidence the assessment roll, and evidence tending to show that lot 21 was not assessed more than it would be specially benefited, nor more than its proportionate share of the cost of the proposed improvement. The objectors offered in evidence the petition for condemnation filed by the city, praying for the ascertainment of just compensation for property taken and damaged; the cross-petition of appellants, alleging that by reason of taking ten feet off said lot for said alley the remainder of said premises would be damaged to the extent of $1000, and praying compensation, etc.; the instructions to the jury in that cause, given by the court, by which it appears that the court instructed the jury, on behalf of the city, "that in determining whether the taking of a portion of a lot materially impairs the market value of the remaining part, the jury must consider all special benefits, if any, which the remaining part will derive from the proposed improvement, taken as a whole;" the verdict of the jury, awarding to owners of lot 21, for property taken, $50, and for damages to property not taken, nothing; and the judgment rendered upon said verdict, finding the just compensation to be as returned by the jury. Appellants then called a witness, and were proceeding to interrogate him, when counsel for the city asked what they

desired or expected to prove by the witness.    Counsel for appellants then stated to the court, in answer, that he expected and proposed to prove that upon the trial in the condemnation proceeding appellants introduced evidence to the jury of the damages, and extent thereof, to the part of lot 21 not taken, and that the city introduced evidence tending to show that the special benefits accruing from the improvement, to the part of the lot not taken, would equal the damages sustained by it, and that therefore said remainder of said lot would not be damaged, whereupon the counsel for the city objected to the introduction of said evidence, as incompetent upon the issue being tried, which objection the court sustained, and appellants excepted.

Mr. F. W. BECKER, for the appellants.

Mr. LOCKWOOD HONORE, Mr. WILLIS E. THORNS, and Mr. HARRY RUBENS, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The question presented is of great importance, and has not been directly passed upon by this court.    Section 13, article 2, of the constitution, provides that private property shall not be taken or damaged for public use without just compensation being made to the owner.    We need not pause to notice the reasons leading to the insertion in the present constitution of the inhibition against the damaging of private property for public uses without just compensation.    (*Penn Mutual Life Ins. Co.* v. *Heiss*, 141 Ill. 35.)    The provision is equally mandatory with that against taking private property for public use without making just compensation, and renders unlawful every such damaging unless compensation be fixed and ascertained by a jury.    And it is everywhere held that certain and ample provision must be made by law, so that the owner shall receive payment of the compensation thus ascertained, without unreasonable or vexatious delay.    *Gardner* v. *Village of*

*Newburg,* 2 Johns. Ch. 162; *Chapman* v. *Gates,* 54 N. Y. 132; *People* v. *Hayden,* 6 Hill, 359; *Insurance Co.* v. *Heiss, supra;* Cooley's Const. Lim. 693; 2 Dillon on Mun. Corp. 615.

In this State no supposed benefits to the property not taken can be set off against the compensation to be paid for the land actually taken, but in respect of the damages to land not taken for the public-use, special benefits to the property damaged may be set off against the damages accruing to the property. (*Cemetery Ass.* v. *Railroad Co.* 121 Ill. 199, and cases there cited). In the condemnation proceeding, the court properly instructed the jury, as we have seen it did, that in determining whether the taking of a portion of the lot materially impaired the value of the remaining part not taken, the jury must consider all special benefits accruing from the proposed improvement to the part not taken. If it be found that the special benefits thus accruing equal the damages, the owner can recover nothing; if, however, the benefits are less than the damages occasioned, the owner will be entitled to recover the excess as his just compensation for the damage to his land, and provision must be made for the payment thereof. *Goodwillie* v. *City of Lake View,* 137 Ill. 51.

It therefore affirmatively appears, that in the condemnation proceeding the special benefits accruing to appellants' lot not taken was in issue, and was submitted by the court to the jury in determining the issue raised by the cross-petition. The jury were required to find whether the taking of a part of the lot would depreciate the value of the part not taken,—that is to say, whether the part of the lot not taken was less valuable than it would be as a part of the whole lot. As said in *Hyde Park* v. *Washington Ice Co.* 117 Ill. 236: "If the jury had found there was no depreciation," (as they did here,) "they may have reached that conclusion because the benefits equaled or exceeded the depreciation. If they found that the property was depreciated, they may have reached that conclusion because the benefits were less than the depreciation pro-

duced. Either finding involved a consideration of benefits."
(See, also, *Washington Ice Co.* v. *Chicago,* 147 Ill. 327.) The
judgment rendered in that proceeding was a final judgment,
binding and conclusive upon the parties until reversed or set
aside in some direct way known to the law; and the question
of damages to appellants' property not taken,—that is, whether
the compensation allowed was just compensation or not,—
could not be re-litigated in this supplementary proceeding.
(*Goodwillie* v. *City of Lake View, supra.*) The issue to be tried
in the proceeding for confirmation of the assessment precludes
the idea that damages to the lot owner by reason of the tak-
ing of a portion of his property are to be considered. The
commissioners appointed to spread the assessment are re-
quired, simply, to deal with the lot as they find it,—that is,
as a matter of course, the part of the lot not taken,—and
assess upon it the benefits that will accrue to it from the im-
provement, and are not authorized to take into consideration
any depreciation of such lot occasioned by taking part of it,
the damages accruing in consequence of such taking having,
in theory, at least, been determined in the condemnation pro-
ceeding. And the same is precisely true in respect of the
issue to be tried by the jury.

It is said, however, that there can be no estoppel by judg-
ment, for the reason that the causes of action are not identi-
cal in the two proceedings. This, if it be conceded, is not
conclusive of the estoppel. Where the former adjudication
is relied upon as an absolute bar, there must be, as between
the two actions, identity of parties, of subject matter and
cause of action. There is, however, a clearly defined distinc-
tion between that class of cases, and where some controlling
fact, or matter material to the determination of both causes,
has been adjudicated in a former proceeding in a court of
competent jurisdiction, and the same fact or matter is again
at issue between the same parties. In this latter case, the
adjudication of the fact or matter in the first suit will, if prop-

erly presented, be conclusive of the same question in the latter suit, irrespective of whether the cause of action is the same in both suits or not. This is generally denominated estoppel by verdict. This distinction is clearly stated in *Hanna* v. *Read,* 102 Ill. 596, *Wright* v. *Griffey,* 147 id. 496, and *Attorney General* v. *Chicago and Evanston Railroad Co.* 112 id. 520. In the latter case the late Mr. Justice SCHOLFIELD, after quoting from the case of *Hanna* v. *Read,* said: "This doctrine is limited to matters necessarily involved in the litigation, but it is equally applicable whether the point was, itself, the ultimate vital point, or only incidental, but still necessary to a decision of the case."

In condemnation proceedings there is and can be no formal pleadings other than the petition and cross-petition, and, as we have seen, the question of whether special benefits accrued to the property not taken, by reason of the improvement, was necessarily included in the issue submitted to the jury, in determining the amount of compensation to be paid for the land damaged but not taken. As said in *Washington Ice Co.* v. *Chicago, supra*: "If the special benefits equal or exceed the damages, the owner can recover nothing as damages to property not taken; if less, he will recover the difference, only." It is clear, therefore, that in the condemnation proceeding it was competent for either party to offer evidence upon the subject matter of special benefits, by reason of the improvement, to the part of appellants' lot not taken, and for the jury to consider the same in determining the compensation to be paid for damages to such part of the lot by reason of taking the residue for the public use.

It might be, however, that the jury found that the lot was not damaged at all, and thereupon were warranted in finding and returning a verdict of no damages to property not taken, —that is, while it was within the issue, the matter of special benefits might not have been considered by the jury. The parol evidence offered and excluded was offered for the purpose of

showing that damages to the part of the lot not taken were in fact proved upon the one side, and the evidence was met by the city, upon the other, by proof tending to show that the special benefits arising from the improvement to the part of the lot not taken, equaled or exceeded the damages proved. It is ordinarily sufficient, where a judgment is relied upon as a bar to a subsequent suit, that the issues were the same in both cases; but where the adjudication of some material fact or matter is relied upon as an estoppel between the same parties, parol evidence of what occurred on the former trial, —what was actually submitted and determined,—is always admissible. *Wright* v. *Griffey, supra; Palmer* v. *Sanger,* 143 Ill. 34; Herman on Estoppel, secs. 111, 211; *Sturtevant* v. *Randall,* 53 Me. 149; *Parker* v. *Thompson,* 3 Pick. 429; *Packet Co.* v. *Sickles,* 24 How. 333; *Perkins* v. *Walker,* 19 Vt. 144; *Burt* v. *Sternburg,* 4 Cowen, 559; *Gardner* v. *Bucklee,* 3 id. 120.

Section 53 of article 9 of the Cities and Villages act authorizes the filing of a supplemental petition, praying the court to cause an assessment to be made for the purpose of raising the amount necessary to pay the compensation and damages which may be or shall have been awarded for the property taken or damaged in the condemnation proceeding, and the like proceedings in making the assessment shall be had, and the assessment is to be made, collected and enforced in the same manner, as is provided in the article for making special assessments. It is thereby attempted to provide the fund out of which compensation for the property taken and damaged shall be paid. It is clear that in the condemnation proceeding a part or the whole of the special benefits accruing by reason of the improvement to the part of the lot not taken has been set off against the damages. The owner may recover nothing as compensation, because the benefits equal the damages. It is manifest that to so construe section 53, in such a case, that the benefits arising from the improvement shall be assessed upon the lot damaged, is to require the owner to pay

the benefits twice,—first to receive them in discharge of his just compensation, and secondly, to pay them as an assessment upon his property. The effect would necessarily be, that in the statute authorizing the taking and damaging of his land for a public use and providing compensation therefor, the compensation is taken away, in palpable violation of the provision of the constitution. No such construction of the section is necessary. It can find ample operation in cases where special benefits have not already been paid.

It is suggested that much inconvenience may arise if property, a part of which has been taken, can not be included within the assessment. We find no occasion for discussing or determining the question thus suggested, but if it be true, the argument of inconvenience can not be heard to sustain a clear violation of a constitutional right guaranteed to the property owner. But it will possibly be found, in practice, that the provisions of section 53 will apply in making assessments upon all property benefited, including property damaged but not taken, when the damages in the condemnation proceeding have been ascertained, without setting off against them the special benefits. We need not, however, enter further upon this subject. It is clear that the lot owner could not be required to twice pay the special benefits to his property. A rule requiring it would impose an unjust and unequal burden upon the citizen,—an unwarrantable exaction, unauthorized by law; and it therefore follows that the recovery of the special benefits in the condemnation proceeding would estop the city from again imposing the same by way of special assessment upon the property. *City of Bloomington* v. *Latham*, 142 Ill. 462.

We are of opinion that the court erred in excluding the record in the condemnation proceeding and the offered evidence, and it will not be necessary to consider other errors assigned.

For the error indicated, the judgment of the Superior Court will be reversed and the cause remanded.

*Judgment reversed.*