JOHN A. MARKLEY

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed February 14, 1898.*

1. RES JUDICATA—*causes of action must be the same where former adjudication is relied upon as absolute bar.* Where a former adjudication is relied upon as an absolute bar to a subsequent action, there must be, as between the two actions, identity of parties, of subject matter and of the cause of action.

2. ESTOPPEL BY VERDICT—*causes of action need not be the same to constitute "estoppel by verdict."* A judgment in a former suit will, if properly presented, operate as an estoppel in a subsequent suit between the same parties, whether the cause of action is the same in both cases or not, where it appears that such judgment determined some controlling fact or matter material to the decision of each case.

3. SAME—*when judgment refusing sale for installment of assessment is conclusive as to other installments.* The judgment of the county court refusing sale for a delinquent installment of a special assessment is conclusive upon the parties on application for judgment of sale for another installment of the same assessment, where it appears, from the evidence, that the court based its former judgment upon the fact that the assessment ordinance was wholly void.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

RICH & STONE, and RANDALL W. BURNS, for appellant:

Where the former adjudication is relied upon as an absolute bar to a subsequent action, it must be shown that the cause of action and the thing to be recovered are the same in both proceedings. Where, however, some controlling fact or question material to the determination of both of the causes has been adjudicated in the former suit by a court of competent jurisdiction, and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the latter

suit, irrespective of whether the cause of action is the same in both suits or not. The latter is in some of the cases designated as estoppel by verdict. *Hanna* v. *Read,* 102 Ill. 596; *Tilley* v. *Bridges,* 105 id. 336; *Attorney General* v. *Railroad Co.* 112 id. 520; *Umlauf* v. *Umlauf,* 117 id. 583; *Wright* v. *Griffey,* 147 id. 496; *Cromwell* v. *County of Sac,* 94 U. S. 351; Freeman on Judgments, 254-260; Bigelow on Estoppel, 35, *et seq.*

An adjudication of a fact or matter in a former suit will, if properly presented, be conclusive of the same question in a subsequent suit, irrespective of whether the cause of action is the same in both suits or not. This is generally denominated "estoppel by verdict." *Leopold* v. *Chicago,* 150 Ill. 568.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee:

There is a well-founded distinction between the effect of a judgment as a bar or estoppel to the prosecution of a second suit for the same cause of action, and its effect as an estoppel where the same question is again brought in issue in another suit between the same parties upon a different cause of action. *Wright* v. *Griffey,* 147 Ill. 496.

Where the former adjudication is relied on as an answer and bar to the whole cause of action, or, in other words, where it is claimed to be an answer to all the questions involved in the subsequent action, then it must appear that the cause of action and thing sought to be recovered are the same in both suits. *Hanna* v. *Read,* 102 Ill. 596.

Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. *Riverside Co.* v. *Townshend,* 120 Ill. 18.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In the county court of Cook county the county collector made application for judgment on account of the delinquent fifth installment of a special assessment levied by the city of Chicago for the improvement of Prairie avenue. The appellant appeared and filed an objection, which sets forth that when application was made in the previous year to obtain a tax judgment for the delinquent fourth installment of the same assessment, the county court refused judgment because of the invalidity of the ordinance in the special assessment proceeding. This former finding in favor of the appellant, it is claimed, is *res judicata.* To sustain his objection he offered in evidence the petition, assessment roll, judgment of confirmation, and the objections and all other papers and files belonging to the special assessment proceeding. He next offered the judgment of the county court refusing judgment on said former installment, and also the objections filed by him therein, and showed by a witness who was present at that trial that the court refused judgment on account of the invalidity of the ordinance. All of this evidence was admitted, but after hearing it the court found against the appellant.

This record presents the question of whether an order of the county court refusing judgment for one installment of a special assessment is conclusive on an application for a judgment for a subsequent installment of the same assessment on the same piece of property, where the finding of the court in the first proceeding was that the ordinance on which the assessment was based was invalid. In the light of a well settled rule this question must be answered in the affirmative. "Where the former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of parties, of subject matter and cause of action. There is, however, a clearly defined distinction between that class of cases and where some controlling fact or matter material to the determi-

nation of both causes has been adjudicated in a former proceeding in a court of competent jurisdiction, and the same fact or matter is again at issue between the same parties. In this latter case the adjudication of the fact or matter in the first suit will, if properly presented, be conclusive of the same question in the latter suit, irrespective of whether the cause of action is the same in both suits or not. This is generally denominated estoppel by verdict." *Leopold* v. *City of Chicago*, 150 Ill. 568; *Wright* v. *Griffey*, 147 id. 496; *Hanna* v. *Read*, 102 id. 596.

Admitting that the subject matter in the two applications is not the same, in one case it being the fourth installment and in the other the fifth, still, they are both parts of one assessment and based on one judgment of confirmation. However this may be, it is clear, upon the authorities cited, the court having held, upon the application for judgment on a former installment, that the ordinance on which the judgment of confirmation is based is void, it decided a material and essential fact to a recovery in this case. And as we said in *Hanna* v. *Read*, *supra*, (on p. 603): "Whether the adjudication relied on as an estoppel goes to a single question or all the questions involved in the cause, the fundamental principle upon which it is allowed in either case is, that justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the same parties where the same question or questions arise, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication."

We see no reason why the same question should be re-litigated each time an installment of an invalid special assessment falls due. The holding of the county court being to the contrary, its judgment must be reversed.

*Reversed and remanded.*