---

(No. 13123.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellee, *vs.* LAKE FOREST UNI-VERSITY, Appellant.

*Opinion filed April 21, 1920—Rehearing denied June 2, 1920.*

1. SPECIAL ASSESSMENTS—*separate pieces of unimproved prop-erty should not be assessed a lump sum—waiver.* An assessment of a single sum against separate lots or parts of lots of unimproved property is not authorized under section 41 of the Local Improve-ment act, and the objection to a lump sum is not waived by an agreement at a hearing as to the equitable distribution of the as-sessment that for the purpose of comparison the single sum shall be regarded as a certain amount against part of one lot and the remainder against the other.

2. SAME—*effect where parts of separate lots are described as one tract.* The fact that parts of separate, unimproved lots are described in the assessment roll by metes and bounds does not con-fer any right to assess the property as one tract.

3. SAME—*section 94 of Local Improvement act is not unconsti-tutional.* Section 94 of the Local Improvement act is not uncon-stitutional upon the alleged ground that it authorizes the city to include in a special assessment the cost of maintaining a board of local improvements, as the additional five per cent allowed thereby for the expense of levying and collecting an assessment only au-thorizes the reimbursement of the corporate fund of the city for advances made to pay the cost of the particular improvement, and then only after the payment of deficiencies out of the five per cent.

4. SAME—*what is not a proper basis for opinion as to benefit.* On the hearing as to whether property is assessed more than it is

benefited by a local improvement, an opinion of a witness that the property would be greatly benefited if it were combined with other property that was not owned by the objector is founded upon an improper basis.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

DAVID FALES, and GEORGE A. MASON, (W. T. HAPE-MAN, of counsel,) for appellant.

GEORGE A. CURRAN, and GEO. P. FOSTER, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county reduced an assessment of $5395.30 against parts of lots 6 and 7 owned by the Lake Forest University, levied for curbing, grading and paving with vitrified paving brick the roadway of South Kilbourn avenue from the south line of West Sixteenth street to the north line of West Twenty-second street, except the right of way of the Metropolitan West Side Elevated Railroad Company across the street, $539.53 and confirmed the assessment for $4855.77, and the Lake Forest University appealed.

The objections urged against the assessment were, that it was for a lump sum against separate, vacant pieces of property; that the cost of the improvement was not equitably distributed among the parcels of property assessed; and that the property was not benefited to the amount of the assessment.

The parts of lots 6 and 7 owned by the objector were vacant and not improved and did not come within section 41 of the Local Improvement act, which provides that several lots owned and improved as one parcel may be assessed as one parcel. Upon the hearing of the question whether the cost of the improvement was equitably distributed among

the parcels of property assessed, it was agreed that for the purpose of comparison the assessment should be regarded as an assessment of $1391 against the part of lot 6 and $4004.30 against the part of lot 7, but the objection to the lump sum assessment was not thereby waived. The whole property was described in the roll by metes and bounds, but such description conferred no right to assess as one tract the parts of separate lots. The assessment of the single sum against the separate pieces of property was unauthorized.

The total estimated cost of the improvement was $60,-000, all of which was assessed against private property, to which was added $2857.14 for deficiency in interest and cost of making, levying and collecting the assessment and lawful expenses attending the making of the improvement. This was done by virtue of the second proviso to section 94 of the Local Improvement act as amended in 1917. That section, with its three provisos, is intricate, complicated and somewhat obscure in meaning, but we interpret it to mean that in cities, towns and villages having 100,000 or more inhabitants the city, village or town may include in an assessment an item of five per cent toward the payment of the costs of making, levying and collecting the special assessment and of letting and executing contracts, advertising, clerical hire, engineer and inspection, court fees and fees of commissioners in condemnation proceedings incurred in such proceedings, and deficiency in interest in the matter of the special assessment; that after the work has been completed and the costs certified under section 84, if there is any deficiency of interest recited in the certificate it shall be first paid out of the five per cent, and if there is a balance left in the five per cent item the balance may be transferred to the corporate fund of the city to reimburse it for advances made under the enacting clause of the section, which provides that all expenses of the proceeding shall be paid out of the general or corporate fund of the city. It is not within the power of a city to include in a special assess-

ment the cost and expense of maintaining a board of local improvements or paying their salaries, (*Betts* v. *City of Naperville,* 214 Ill. 380,) but with the construction given, the five percentum does not include the cost and expense of maintaining the board of local improvements and paying the salaries of its members but only authorizes reimbursement of the corporate fund for advances made to pay the cost of the particular improvement. It was held in *City of Chicago* v. *Brede,* 218 Ill. 528, that bonds issued against a special assessment must be paid out of the assessment. If there is a deficiency it is to be first paid out of the five per cent, and we regard the provision as free from constitutional objection.

There was a waiver of a jury trial on the question whether the property was assessed more than it was benefited, and that question and the question of comparative benefits were heard by the court on practically the same evidence. The court concluded that the assessment was excessive to the amount of $539.53, but a reading of the testimony of the witnesses leads us to the conclusion that the reduction was not what it ought to have been. Opinions as to the amount of benefit were given by different witnesses, some of whom thought the property would be benefited a great deal more than it was assessed, but the facts stated and the uses to which the property was adapted quite largely discredited the opinions, based on rather unsubstantial theories as to the best uses of the property. A witness for the city testified that the best use of the part of lot 6 would be in connection with other lots north of it in a different ownership, and he had taken into consideration the possibility and probability of the properties being handled together; that the use of the property standing by itself would be limited on account of its limited size and area; that by itself the market value would be very limited and it would be very hard to sell it. His opinion that the property would be greatly benefited if combined with other

property not owned by the objector was founded upon an improper basis. Generally speaking, the facts detailed by the witnesses required a larger reduction than was made.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*