**DE MET'S INC. v. INSULL et al.**

**No. 7431.**

Circuit Court of Appeals, Seventh Circuit.

Aug. 22, 1941.

Rehearing Denied Oct. 1, 1941.

Geo. F. Callaghan, Albert W. Froehde, Edmund D. Adcock, Rober Q. White, and Lewis F. Jacobson, all of Chicago, Ill., for appellant.

Donald F. McPherson, Geo. Ragland, Jr., C. Bouton McDougal, Floyd E. Thompson, and John J. Healy, all of Chicago, Ill.. (Sidley, McPherson, Austin & Burgess, of Chicago, Ill., of counsel), for appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is a representative suit brought by De Met's Incorporated, a holder of corporate notes, against the directors of the Corporation Securities Co. of Chicago, a bankrupt corporation, for the improper pledging of the corporate assets, and for the improper payment of dividends in violation of § 23 of the Illinois Corporation Act of 1919, Laws of Illinois, 1919, p. 321, Smith-Hurd Stats.Ill. c. 32, § 157.42 note.

This case, No. 7431, is related to Aiken et al. v. Insull, No. 7430, 7 Cir., 122 F.2d 746, in that the respective records present the same legal questions. These two cases were heard jointly in the District Court, and a joint memoranda of holdings was filed by the court. In substance the complaints in the two cases make the same allegations, though the complaint in No. 7431 is not as complete. Of course there is a difference as to names, dates, amounts and details.

We are satisfied that the same result should be reached in this case as in Case No. 7430, especially as to the cause of action relating to the improper pledging of corporate assets.

In this case defendant Field contends he stands on a basis distinct from the other defendants in that his participation in the affairs of the Securities Co. was considered by the Superior Court of Cook County, Illinois, in an action brought by Howard, Trustee in Bankruptcy of Corporation Securities Co.; that all charges directed against him in that case were identical to those here made and that they were adjudicated in his favor. Howard v. Insull, 294 Ill.App. 20, 13 N.E.2d 506. As before noted, the Howard case was brought by Howard as trustee. It involved the charge that the assets of the Securities Co. were unlawfully expended and that dividends had been improperly and illegally declared. In the Howard case Field contended that if there be a cause of action as to dividends, it belonged to the creditors, not to Howard as trustee, in bankruptcy. The nisi prius court sustained the contention and dismissed the complaint. The appellate court affirmed.

From our analysis of the Howard case we believe it holds that a trustee may maintain a suit against the directors of the bankrupt corporation for unlawful expenditures and waste of corporate assets, and recover therein to the extent, if any, that the directors personally profited by such unlawful activity. See Howard v. Swift, 356 Ill. 80, 190 N. E. 102, and People v. Superior Court, 359 Ill. 612, 195 N.E. 517. The following cases, Low v. Buchanan, 94 Ill. 76, Woolverton v. Taylor, 132 Ill. 197, 23 N.E. 1007, 22 Am.

St.Rep. 521, Lewis v. Montgomery, 145 Ill. 30, 33 N.E. 880 and Ryerson & Son v. Peden, 303 Ill. 171, 135 N.E. 423, 24 A.L.R. 1273, stand for the proposition that the statutory cause of action against the directors for improper dividends is personal to the creditors and that suit to enforce the liability lies in one or more of the creditors acting in representative capacity. Seegmiller v. Day, 7 Cir., 249 F. 177 holds that although the statutory cause of action is personal to the creditors, the trustee may nevertheless maintain a suit against the defendant directors of an insolvent corporation to recover unearned dividends illegally paid to the defendants themselves as stockholders. The court in the Howard opinion concluded that its result was consistent with the Ryerson and Seegmiller decisions. We assume that the Court's conclusion is sound, otherwise there would be no choice but to add that the Howard result is not the law.

Where a former adjudication is relied on as an absolute bar to a subsequent action, it must be shown that the cause of action, the thing to be recovered and the parties are the same in both proceedings. Harding Co. v. Harding, 352 Ill. 417, 426, 186 N.E. 152, 88 A.L.R. 563. It is clear that the causes of action in the Howard case and in our case are not the same. See Lloyd v. Imperial Machine, etc., 224 Mass. 574, 113 N.E. 456 and Freeman on Judgments, 5th Ed. p. 1557.

In the instant case the board of directors empowered an executive committee to declare dividends, which of course did not operate to relieve them of the responsibility. We believe that a corporate director participates in a dividend, that is, declares or assents to a dividend, under the statute, if he votes to give such an executive committee the power to declare a dividend and this is done, if he himself is an active member of the executive committee which declares a dividend, or if he approves, ratifies or assents to a declaration of the executive committee. We think that the pleadings in this case, as in No. 7430, sufficiently charge the defendants with participation. Perhaps the evidence will not show this. Perhaps the evidence will show, as to one or more of the defendants, a want of control or command, an attitude of gross negligence, an irregular attendance plus perfunctory exercise of the voting power, see Lewis v. Montgomery, 145 Ill. 30, 48, 33 N. E. 880, and Slater v. Taylor, 241 Ill. 102, 89 N.E. 271. Perhaps the evidence will not show this, but that is not important now.

The judgment as to the cause of action relating to the pledges, is affirmed. The judgment as to the cause of action relating to the dividends, is reversed. That portion of the opinion rendered in case No. 7430 which is applicable here, is incorporated by reference. The case is remanded with directions to proceed in accordance with this opinion.

It is so ordered.