(No. 26951.—

THE PEOPLE *ex rel.* Reuel T. Gustus, County Collector, Appellee, *vs.* R. A. SWAN *et al.*, Appellants.

*Opinion filed January 19, 1943—Rehearing denied March 11, 1943.*

BARTLETT S. GRAY, for appellants.

JOSEPH L. SHAW, City Attorney, and OGDEN H. CHAMBERLAIN, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a judgment of the county court of Henry county overruling appellants' objections to the application of the county collector for a judgment and sale of appellants' property for a delinquent special-paving tax. In 1925 the city council of the city of Geneseo adopted an ordinance to pave State street. Provision was made in the ordinance for the payment of the improvement by special taxation upon the contiguous property. A petition was filed in the county court, a commissioner appointed, an assessment roll was spread and an order was entered confirming the roll.

This litigation had its origin in an error committed by the commissioner in extending the assessment against the property involved in this case. The description as contained in the roll was the north 105 feet of the west 80 feet of lot 2 in block 11 of the original town plat, and the north 99 feet of lot 2 in block 2 of McFarland's addition. The

assessment extended against the two properties was in one sum for $1728, payable in ten installments, $207 in the first installment and the second to tenth, inclusive, $169 each.

Section 41 of the Local Improvement Act (Ill. Rev. Stat. 1941, chap. 24, par. 84-41,) provides that the assessment roll shall contain a list of all the lots, blocks, tracts and parcels of land assessed for the proposed improvement, the amount assessed against each, and the name of the person who paid the taxes on each such parcel during the last preceding calendar year in which taxes were paid. It contains an exception that if several lots or parcels of land are owned and improved as one parcel they may.be assessed as such but it is conceded that the two tracts involved here did not come within that exception. Both properties were listed on the roll in the name of the appellant Allen but it is not claimed that the tax books did not show the taxes to have been paid by him. The foregoing section has been construed as requiring a single assessment against each piece or parcel unless two or more tracts came within the exception. *City of Chicago* v. *Lake Forest University,* 293 Ill. 165.

The tract located in the old town plat will be referred to as tract No. 1, the other as tract No. 2. Appellant Swan owns tract No. 1 and Allen owns tract No. 2. It appears that their ownership of the respective tracts began on or prior to the adoption of the ordinance.

In 1927, the county collector applied to the county court for judgment and order of sale for the delinquent taxes for the year 1926 and listed tract No. 1 as delinquent for $154.81. This delinquency was a part of the first installment of $207. The record does not disclose any facts in regard to the remainder of said first installment.

Appellant Swan filed objections to the application for judgment and sale, in which he set forth facts relative to

the assessment being extended against the two tracts. His specific objections were (1) that the application for sale was illegal and void and not based on any property shown to have a delinquent tax against it; (2) that the application was for a purported tax which was never levied upon the property referred to as tract No. 1; (3) that the application was not based upon any unpaid tax shown in the delinquent list; (4) that the delinquent list reported by the city collector to the county collector did not support the delinquent list upon which the county collector asked for judgment and order of sale; (5) that the tax sought to be collected through the medium of a sale was illegal and void and (6) that the notice was insufficient. After a hearing, the county court entered a judgment in which it was ordered: "That said objections be and they are hereby sustained." The order of sale previously entered was vacated. No appeal or writ of error was sued out to review such judgment and it remains in full force and effect as a final judgment.

In 1928 and 1929, the county collector made application for judgment and order of sale on the delinquent list for each preceding year. Both tracts one and two were included in each list. Appellants interposed objections to each of the applications and alleged that the delinquent tax claimed to be due in the year 1928 was for the second installment of the special paving tax and the other was for the third installment. No court action was ever taken in reference to either of such objections.

In 1930, the county collector filed a delinquent list of property for the taxes for the year 1929. This would have been the year in which the fourth installment would have been included but no reference was made to it.

In 1931, the county collector presented his application for delinquent taxes and asked for judgment and order of sale as to tracts 1 and 2. The delinquencies claimed,

including principal, interest and costs, totaled $1238.94. On September 17, 1931, each of the appellants filed objections to the application of the county collector. In Allen's objections he set forth that he was the owner of tract 2, that the delinquent taxes claimed to be unpaid included the first and subsequent installments of the special tax which had been levied against tracts 1 and 2. The objections specifically raised were that the two tracts were assessed as one, that the judgment of the county court entered in 1927 on the first installment was *res judicata* of all applications for judgment and order of sale for delinquencies on that and all installments of later maturities. The objections filed by appellant Swan were the same as those filed by Allen, changed only to meet the difference in ownership of property. No court action was taken on the application or the objections until October 14, 1941, when appellee, the then county collector, asked leave to be substituted as a party to the proceeding. A hearing was had on May 12, 1942, the objections were overruled and a sale ordered. The amount of principal, interest, penalties and costs found to be due at the time of the hearing was $1176.84. It is recited in the judgment that said amount includes the second, third, fourth and fifth installments with interest thereon to the date of' the judgment and interest on the sixth, seventh, eighth, ninth and tenth installments to January 2, 1931. It also recites that the application for the first installment amounting to $207, with interest of $168.42, was rejected, the court holding that its collection was not enforcible in this proceeding.

Appellants prayed an appeal direct to this court from that part of the judgment which directs the sale of their respective properties for the second, third, fourth and fifth installments, with interest and other charges. Appellee prayed a cross appeal from that part of the judgment which rejected his application to include the first installment and the interest thereon in the judgment and order of sale.

Appellants filed a motion in this court to dismiss the cross appeal, which was taken with the case. In support of the motion it is urged that the county court, when acting upon an application for judgment and order of sale for delinquent taxes is exercising authority vested in it by the Revenue Act and that therefore appeals from such judgments are governed by section 192 of that act. It is claimed that appellee did not perfect his cross appeal in accordance with that section of the statute. In view of the conclusions reached on appellants' claim that the judgment entered to the first installment is *res judicata* to the subsequent installments, it will not be necessary to consider the motion to dismiss.

Appellants urge several errors as grounds for reversal but it will not be necessary to consider more than one. It relates to the application of the principal of *res judicata,* that is, whether the order of the county court entered in 1927 in refusing judgment for the first installment is conclusive on an application for a judgment for the subsequent installments of the same assessment on the same property. In *Leopold* v. *City of Chicago,* 150 Ill. 568, the elements necessary to the application of the rule were stated as follows: "Where the former adjudication is relied upon as an absolute bar, there must be, as between the two actions, identity of parties, of subject matter and cause of action. There is, however, a clearly defined distinction between that class of cases, and where some controlling fact, or matter material to the determination of both causes, has been adjudicated in a former proceeding in a court of competent jurisdiction, and the same fact or matter is again at issue between the same parties. In this latter case, the adjudication of the fact or matter in the first suit will, if properly presented, be conclusive of the same question in the latter suit, irrespective of whether the cause of action is the same in both suits or not. This is generally denominated estoppel by verdict." This rule

has been held to apply to various installments in a special assessment proceeding. (*Markley* v. *People ex rel. Kochersperger,* 171 Ill. 260; *People ex rel. Smith* v. *Locklin,* 273 id. 106; *Tomanicka* v. *Glos,* 303 id. 107; *People ex rel. Endicott* v. *Prather,* 343 id. 443.) In the *Locklin case* it was said that even though the judgment of the county court sustaining the objections to the first installment was erroneous, being a final judgment it was *res judicata* when the same question was raised as to subsequent installments.

In *Markley* v. *People, supra,* as to the difference between the subject matter in the two applications, one being as to one installment and the other as to a subsequent installment, it was held that they are both parts of one assessment and that in entering the judgment on the first installment a material and essential fact to a material recovery in the second case was determined.

The judgment entered on the first installment was in reference to the application of the county collector for a judgment and order of sale against tract No. 1. A special assessment under the Local Improvement Act is *in rem,* (*People ex rel. Rogers* v. *Owens,* 231 Ill. 311,) and the lot or tract against which the assessment is extended is the sole security for its payment. There was no provision in the statute authorizing the county collector to apportion the assessment between the two tracts as was done in 1927 and as it appeared in the delinquent list of that year. (*Langlois* v. *Cameron,* 201 Ill. 301.) The apportionment being illegal, the judgment entered sustaining the objection was as effective to the part omitted from the delinquent list as it was to tract 1, which was included. Both tracts were subjected to the same assessment and an adjudication of matters as to tract 1 was *res judicata* to the same questions on tract 2.

Appellee concedes the general principles of law embodied in the foregoing cases but contends they have no

application to the facts in this case. He urges that there is a lack of identity as to the matters litigated and in this connection states that there is nothing in the record to indicate which objections of the several filed in the first case were determined by that judgment. Objections 2 and 5 of those filed in 1927 attacked the validity of the assessment and charged it to be illegal and void. They were in general terms but, included in the objections, there was a recital of fact as to the method adopted in extending the assessment against the two properties as a single item. Those objections sufficiently challenged the validity of the assessment. It was recited in the judgment that the objections were sustained. This is sufficient to show that objections numbered 2 and 5 were determined by the judgment.

Appellee relies upon *Young* v. *People ex rel. Kochersperger,* 171 Ill. 299, where the court declined to apply the principle of *res judicata* in a special assessment proceeding. The facts of that case and *Markley* v. *People, supra,* were discussed and the difference supplied the reason for applying it in the *Markley case* and rejecting it in the other. It was said that the evidence in the *Young case* did not show the judgment which it was claimed constituted the former adjudication and that it did not show the controlling question of fact was the same in both cases. These distinctions have been noted in this case and the facts of this case bring it within the rule announced in *Markley* v. *People, supra.*

During the period the trial court had this case under advisement, the court reporter's shorthand notes of the evidence were destroyed by fire and the record presented here does not include the verbal testimony introduced at the hearing. The records and files of the court are embodied in the transcript but the evidence identifying court records and files is not in the transcript. These records and files were a part of the proceedings in this case and since they are duly certified into the record we conclude

they are before the court. There are sufficient facts in the transcript to present the issue upon which this opinion is based.

Insofar as the judgment appealed from holds that neither tracts No. 1 and No. 2 are subject to an order of sale for any delinquencies on the first installment, it is affirmed. As to all other matters, the judgment is reversed and the causes remanded, with directions to proceed in accordance with the views expressed.

> *Affirmed in part, reversed in part,*
> *and remanded, with directions.*