JUNE v. GEORGE C. PETERSON CO.
No. 8809.

Circuit Court of Appeals, Seventh Circuit.
June 12, 1946.

964

Peter B. Nelson, Thomas Boodell, and Thomas P. Grant, all of Chicago, Ill., for appellant.

John A. Bussian, of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

Plaintiff brought an action in the Superior Court of Cook County, Illinois, for alleged damages suffered when defendant sold stock pledged with it by plaintiff in connection with a lease agreement between the parties. Upon removal of the cause to the federal court, defendant filed its answer to the complaint and plaintiff filed a reply. After a pre-trial conference and pursuant to the court's order, plaintiff filed an amended and supplemental reply; thereupon, defendant filed a motion to strike plaintiff's amended reply and for summary judgment upon the pleadings. The lower court granted the motion for summary judgment in favor of defendant. From this judgment plaintiff has appealed.

The judgment in the lower court was predicated upon the doctrine of res judicata or estoppel by judgment. It was held that the issues presented by the pleadings had been previously determined by the Circuit Court of Will County, Illinois. Thus the main question for determination is whether

the state court action is res judicata or operates as an estoppel by judgment.

The pleadings reveal the following facts. In October, 1936, plaintiff, as lessee, entered into a written lease with the Catholic Bishop of Chicago, as lessor, for premises in the city of Joliet, Illinois, for a period of fifteen years, for the purpose of operating a filling station thereon. In November, 1937, plaintiff sublet, by written sub-lease, these premises to defendant for three years for the same purpose, defendant paying $10,000 rental in advance at the time of execution of the lease. By the terms of the original lease and sub-lease, plaintiff was obligated to pay the taxes and assessments levied against the property. Six months later, plaintiff and defendant entered into a new written sub-lease. This sub-lease of May, 1938, provided for the defendant assuming the obligations of plaintiff under the original lease and superseded the prior lease of November, 1937. Defendant paid an additional $6,000 rental in advance and plaintiff warranted that defendant would have peaceful, quiet and uninterrupted possession of the premises for the time of the lease. Plaintiff gave defendant his bond for $12,000, conditioned upon defendant having such possession; at the same time plaintiff deposited with defendant 610 shares of capital stock of defendant under a collateral security agreement by which, if plaintiff defaulted under his bond, defendant was authorized to sell such stock.

It is evident that plaintiff was liable, under the leases, for the real estate taxes assessed against the property from the time of the first lease until the 15th day of May, 1938, upon which date defendant by the second sub-lease assumed such liability. Real estate taxes were levied against the property for 1937 in the sum of $760.82, and for 1938, pro-rated to May 15, in the sum of $267.86. Plaintiff, although requested by defendant, did not pay the taxes. Defendant thereupon paid the taxes and requested reimbursement of plaintiff. After plaintiff refused to reimburse defendant, it notified plaintiff that it would sell, at public auction, the stock so pledged as collateral. After such notice defendant did sell the pledged stock in May, 1941. But, prior to the sale, plaintiff had obtained a temporary injunction in the Will County Circuit Court prohibiting such sale. Upon motion of defendant and after hearing, this injunction was dissolved and plaintiff's suit dismissed. This is the state court action upon which the lower court predicated its ruling of res judicata or estoppel by judgment.

At the outset, it is perhaps well to differentiate between res judicata and estoppel by judgment. Generally, in deciding what was adjudicated by a former judgment, the decisions point out a delineation into two categories, i.e., (1) where the prior suit was upon the same cause of action as the latter, and (2) where the prior suit was upon a different cause of action but there is a common relationship as to some fact or issue. This distinction makes a vast difference in the applicable rule. "In the former case a judgment upon the merits is an absolute bar to the subsequent action. In the latter the inquiry is whether the point or question to be determined in the later action is the same as that litigated and determined in the original action." Tait v. Western Maryland R. Co., 289 U.S. 620, 623, 53 S.Ct. 706, 707, 77 L.Ed. 1405. In the first category of cases, the thing adjudicated is the cause of action itself, and when once presented to a court with jurisdiction, the parties have had their day in court and the cause of action is extinguished. In the second category of cases, it is the issue or fact common to both actions which is adjudicated and this issue or fact cannot again be litigated. The doctrine applicable to the first category is called res judicata; that applicable to the second is estoppel by judgment. See Kelliher v. Stone & Webster, 5 Cir., 75 F.2d 331, 332, 333.

In order to interpose the defense of res judicata successfully, there must be an identity of parties, subject matter and cause of action. De Met's, Inc. v. Insull, 7 Cir., 122 F.2d 755, 757; People ex rel. Gustus v. Swan, 382 Ill. 184, 46 N.E.2d 1003. The "essence of estoppel by judgment is that some like question or fact in dispute has been judicially determined by a court of competent jurisdiction between

the same parties or their privies." Mc-Veigh v. McGurren, 7 Cir., 117 F.2d 672, 678.

It is at once apparent that the doctrine of res judicata is inapplicable to the instant situation, as the two causes of action are entirely different. In the state court suit, the relief asked was for an injunction; in the instant suit, the relief prayed is for damages. Moreover, the plaintiff had no reason to ask for damages when the injunctive relief was sought as the stock pledged had not at that time been sold. His right to damages accrued, if at all, after the determination of the state court injunction suit.

To sustain the defense of estoppel by judgment, defendant asserts that the state court decided that plaintiff was liable under the leases for the taxes it had paid; that plaintiff, by refusing to pay the same, violated his bond and deposit agreement and defendant was entitled to sell the pledged stock. We do not think that this appears from the order dissolving the injunction, the final decree or the opinion of the chancellor in the state court suit.

The order dissolving the injunction states that plaintiff's complaint "does not state any equitable reason to entitle the plaintiff to an injunction restraining the defendant from selling or otherwise disposing of the * * * stock * * *; and that the temporary injunction heretofore granted * * * should be dissolved; that said complaint does not * * * entitle the plaintiff to any * * * relief; that the plaintiff does not offer to do equity * * *; that if any actionable injury should be sustained by the plaintiff by reason of the sale of the * * * stock * * * then plaintiff will have an adequate remedy at law."

The final decree in the state court suit shows a dismissal for want of equity. In its opinion, the court states: "It appears from the face of the complaint and it is admitted that the plaintiff, Ford C. June, owes the defendant for the taxes at least for the year 1937. * * * In my opinion, the two maximums of equity: 'One who seeks equity must do equity' and 'one who comes into equity must come with clean hands,' are decisive of this litigation and, therefore, other questions raised need not be considered." It is readily discernible that the denial of the injunction was predicated solely upon the plaintiff's failure to pay the taxes for which he was liable under the leases. This led the state court to invoke the above quoted equitable maxims and dissolve the injunction. It is obvious that the questions raised by the present complaint and answer thereto were not adjudicated. The plaintiff alleges that the sale of the stock was in violation of the bond and deposit agreement. This was not adjudicated by the state court. He also alleges a sale of the stock for less than actual value, by reason of which he was defrauded. This was not adjudicated in the state court action. "* * * where the second cause of action between the parties is upon a different claim the prior judgment is res judicata not as to issues which might have been tendered but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 671, 64 S.Ct. 268, 274, 88 L.Ed. 376.

It is fundamental that if there is a conflict as to some material fact a summary judgment should not be entered. Campana Corp. v. Harrison, 7 Cir., 135 F.2d 334. The entry of the summary judgment herein was erroneous and must be reversed.

Defendant further contends that plaintiff's failure to file a reply brief to defendant's brief in support of its motion to strike and for summary judgment precludes plaintiff from questioning the propriety of the trial court's action in entering such judgment. We find nothing in the rule relied upon (Rule 7(a) of the Rules of the District Court) which requires an answering brief to such motion. Moreover, we are of the opinion that a failure to so do does not constitute an estoppel or waiver of plaintiff's right to question the validity of the court's ruling. Plaintiff evidently thought that the complaint as amended was sufficient for the purpose of the motion; his decision to stand upon his complaint without answering the de-

fendant's motion cannot affect the propriety of the court's ruling. This contention must be overruled.

 Plaintiff challenges the correctness of the trial court's ruling in denying his motion for an order requiring defendant to produce and permit inspection of (1) its stock record book, (2) copies of its income tax return for 1938 through 1941, and (3) its latest balance sheet for 1942. We are of the opinion that the order should have been granted. The purpose of the rule, Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A. following section 723c, under which plaintiff moved, was to make broad and flexible the litigant's right to discovery. The rule should be liberally, rather than narrowly, construed. If the documents called for are reasonably probable to be material in the case, the production and inspection of them should be allowed. We are of the view that the documents called for by the motion are material to the allegations contained in the second count of plaintiff's complaint.

The judgment of the District Court is reversed, with directions to proceed in conformity with the views herein expressed.