345 F.2d 491
 Harold LIDDELL, Plaintiff-Appellant,
v.
Noel SMITH, William Theofanopoulos, Sofia Theofanopoulos, and Noel Smith Development Company, Ltd., (formerly known as Midwest Construction Co., Ltd.), Defendants-Appellees.
 No. 14778.
 United States Court of Appeals Seventh Circuit.
 April 22, 1965.
 Rehearing Denied May 24, 1965.
 
 1
 Ronald W. Polston, Craig & Craig, Mt. Vernon, Ill., for plaintiff-appellant.
 
 
 2
 Stewart A. Pearce, Carmi, Ill., Gerald C. Quindry, Richard C. Cochran, Fairfield, Ill., John P. Wham, Centralia, Ill., Kern & Pearce, Carmi, Ill., Wham & Wham, Centralia, Ill., for appellees.
 
 
 3
 Marshall, Feiger, Robison & Quindry, Loy & Cochran, Fairfield, Ill., for appellees Theofanopoulos.
 
 
 4
 Before SCHNACKENBERG and KILEY, Circuit Judges, and GRANT, District Judge.
 
 
 5
 GRANT, District Judge.
 
 
 6
 Plaintiff Liddell, defendant Noel Smith, and one James Castle (not a party hereto) entered into oral agreement to combine their talents and money for the purpose of buying and clearing timber land in Wayne County, Illinois. As a part of that program they incorporated Sherwood Land Company to hold title to any such lands. Defendant Noel Smith was the sole owner of defendant Noel Smith Development Company, Ltd., (formerly known as Midwest Construction Co., Ltd.). Plaintiff had hired defendants Theofanopoulos to assist in the clearance of certain of this land. Following considerable earlier litigation which involved, in turn, all of the parties hereto, this action was brought in the District Court to recover money damages, charging a malicious conspiracy to defraud the plaintiff.
 
 
 7
 Defendants' Motions to Dismiss or for Summary Judgment, raised the defense of res judicata, on the theory that the facts alleged in this case were alleged and decided in the prior actions (except the allegations of perjury noted below). In entering judgment for the defendants, the able District Judge found that "everything arising out of the * * * transactions was litigated, or could have been properly presented, in the cases decided in the Circuit Court of Wayne County, Illinois." We agree and we affirm.
 
 
 8
 The District Court's careful summary of the allegations in the complaint and amended complaint consumed 11 pages of the Appendix to Appellant's brief. No useful purpose would be served by encumbering this record with a detailed recital of that long history of litigation which included six prior lawsuits brought by various of these parties — five actions in the Circuit Court of Wayne County, Illinois, and one prior action in the United States District Court for the Eastern District of Illinois.
 
 
 9
 In affirming we quote with approval the following from the opinion of the District Court:
 
 
 10
 "It was necessary to go into great detail in listing the allegations of the complaint and of the amended complaint because of the nature of the answer timely filed by the defendants in this cause. There is a special defense raised in the answer filed by all the defendants which goes to the very heart of the question of whether this court should grant the defendants' motion to dismiss or their motion for summary judgment. This special defense, in the words of the answer is:
 
 
 11
 "`All of the issues which are alleged as a basis for the injunctive relief prayed, with the exception of the allegations pertaining to the levy and advertisement for sale, are matters already within the jurisdiction of the Circuit Court of Wayne County, Illinois, in complaints filed in said Court by the plaintiff in this case, many of which issues have already been decided by the Circuit Court of Wayne County, Illinois, and are, therefore, necessarily outside the jurisdiction of this honorable Court.'
 
 
 12
 "It is obvious * * * that Harold Liddell chose the Circuit Court of Wayne County as his forum when he filed two cases there and failed to attempt to remove the case in which he was the defendant to the United States District Court for the Eastern District of Illinois.
 
 
 13
 "This Court is of the opinion that the motions of the defendants must be allowed on the theory of res judicata. Res judicata is a rule of universal law pervading every well regulated system of jurisprudence, and is put on two grounds embodied in various maxims of the common law; the one, public policy and necessity which makes it to the interest of the State that there should be an end to the litigation — interest republicae ut sit finis litium; the other, the hardship on the individual that he should be vexed twice for the same cause — nemo debet bis vexari pro eadem causa. 50 C.J.S. Judgments § 592 (citing numerous cases). There is no doubt in this Court's opinion that the defendants in this case would be sorely vexed if they had to again litigate the same factual situation that was before the Circuit Court of Wayne County, Illinois. The essential elements of res judicata have been defined by the courts of Illinois, and by the Federal Courts in this Circuit as identity of parties, of subject matter and of cause of action. De Met's Inc. v. Insull, 122 F.2d 755 (7th Cir. 1941); certiorari denied, 315 U.S. 806, 62 S.Ct. 638, 86 L.Ed. 1205, rehearing denied 315 U.S. 829, 62 S.Ct. 904, 86 L.Ed. 1224; Leopold v. City of Chicago, 150 Ill. 568, 37 N.E. 892; People ex rel. Gustus v. Swan, 382 Ill. 184, 46 N.E.2d 1003. In the present case these essential elements all are present; the same parties have prosecuted or defended the very same issues (with exception to be noted later), in the state courts of Illinois. The complaint of Liddell filed in this court goes into somewhat more detail and is in stronger language than the complaints filed in Wayne County, but this does not aid his position. While these details, as just stated, were not developed in the state court complaints, it must be noted that they all evolved out of facts and circumstances of the formation of Sherwood Land Company, and its endeavors to develop certain lands. The general rule of law is stated at 50 C.J.S. Judgments § 657 (citing numerous cases), as:
 
 
 14
 "`A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as a bar not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. In other words, he must present his whole case, extending his claim so as to embrace everything which properly constitutes a part of his cause of action or defense, and cannot bring a new suit to recover something more on the same cause of action.'
 
 
 15
 "This Court is of the opinion that everything arising out of the Sherwood Land-Theofanopoulos transactions was litigated, or could have been properly presented, in the cases decided in the Circuit Court of Wayne County, Illinois.
 
 
 16
 "Two allegations in the amended complaint could not have been litigated by the plaintiff in any of the other cases and it is now necessary to consider them. Paragraph 17(b) of the amended complaint alleges that Noel Smith attempted subornation of perjury. The allegation is that Smith offered to pay Castle if Castle would commit perjury in the pending litigation between Smith and Liddell, and that Castle refused to so commit perjury. Paragraph 17(g) alleges that Smith committed perjury in every hearing that has been held in the above-mentioned actions in Wayne County, Illinois. Considering, but not deciding, that these allegations are true, it is quite obvious that they could not have been tried in any other case because they involve matters that would have happened during the course of the trial. The question remains, whether a civil action for damages is proper because of this alleged perjury and subornation of perjury. The general rule, which is followed by both the Federal Courts and the courts of the State of Illinois, is that in the absence of statute, no action lies to recover damages caused by perjury or subornation of perjury, whether committed in the course of, or in connection with, a civil action or suit, a criminal prosecution, or other proceeding, and whether the perjurer was a party to or a witness in the action or proceeding. 70 C.J.S. Perjury § 92; Robinson v. Missouri Pac. Transp. Co. (D.C.Ark.) 85 F.Supp. 235 (1948); Graham v. Morgan, (D.C.Okla.), 129 F.Supp. 199 (1955) affirmed 228 F.2d 625, 54 A.L. R.2d 1290 (10th Cir. 1956); Dean v. Kirkland, 301 Ill.App. 495 (1939), 23 N.E.2d 180 (1939); Hocker v. Weltie, 239 Ill.App. 392 (1926).
 
 
 17
 After considering all the facts and the applicable law, this Court is of the opinion that judgment should be and hereby is, entered for the defendants."
 
 
 18
 * * * * * *
 
 
 19
 We agree and we affirm.
 
 
 20
 Affirmed.