**MILTON MANUFACTURING CO., Inc.,** **Plaintiff-Appellant,**

v.

**POTTER–WEIL CORPORATION, and** **Weil Service Products Corporation,** **Defendants-Appellees.**

**U. Z. FOWLER, an individual, d/b/a** **Fowler-Pem Company, Plaintiff-** **Appellee,**

v.

**MILTON MANUFACTURING CO., Inc.,** **Defendant-Appellant.**

**No. 14278.**

United States Court of Appeals Seventh Circuit.

Jan. 28, 1964.

Rehearinng Denied Feb. 28, 1964.

Clarence E. Threedy, Edward C. Threedy, Chicago, Ill., for appellant.

James R. Dowdall, Sidney Neuman, Chicago, Ill., Reed Lawlor, Los Angeles, Cal., of counsel, for appellees.

Before SCHNACKENBERG, KILEY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal involves United States Patent No. 2,865,695 granted to Albert Mazeika and entitled "Automatic Sealing Mechanism for Pistons and the Like." Two related actions were consolidated for trial in the district court. The actions and the respective parties were as follows:

### FIRST ACTION

| | |
|---|---|
| Milton Manufacturing Company, v. Potter-Weil Corporation and Weil Service Products Corporation. | Action for infringement of the Mazeika patent by the sale of a pencil type tire air gauge manufactured by the Fowler-Pem Company and sold by Potter-Weil Corporation and Weil Service Products Corporation. |
| Potter-Weil Corporation, Weil Service Products Corporation, v. Milton Manufacturing Company. | Counterclaim asking judgment of noninfringement and invalidity of the patent. |

### SECOND ACTION

| | |
|---|---|
| U. Z. Fowler and Fowler-Pem Company, v. Milton Manufacturing Company. | Declaratory judgment action brought by the manufacturer of the gauge asking that the Mazeika patent be declared invalid and not infringed. |

The district court held the Mazeika patent invalid and that it was not infringed by the air gauge sold by Potter-Weil and Weil Service Products. It also granted the declaratory judgment requested by Fowler-Pem.

The subject matter of the patent relates generally to an automatic seal in an air gauge. Specifically, the object of the patent is to provide a seal, between a plunger and the inner wall of the cylinder within which the plunger operates, by means of a resilient member (in the Mazeika patent, a spring) associated with a pliable washer fastened at the head of the plunger. The spring when compressed forces the cup-shaped washer against the wall of the cylinder thereby causing the seal.

Mazeika's application for a patent contained five claims. All were rejected by the Patent Office examiner as unpatentable because of prior patents issued to Reynolds, No. 2,612,420, and Oliver, No. 2,000,187.

Following this rejection, Mazeika cancelled the original claims and substituted another claim. The examiner then found that the patent issued to Druge, No. 2,530,005, disclosed the basic essentials of an effective sealing structure although not the precise combination of the Mazeika patent. He advised Mazeika that his "invention, if any, * * * appears to be in the sealing washer and this should be claimed per se." Mazeika then substituted the claim which now is the single claim of the issued patent.[1] To avoid Druge, Mazeika emphasized that the cup-shaped washer in his device provided a "spring seat" and that the compression spring "seated in" the spring

seat of the washer. The patent was then granted.

In finding the Mazeika patent invalid the district judge concluded that it lacked invention over the prior art. Specifically, the judge ruled that the patent had been anticipated by three prior patents: Steedman, No. 1,000,563; Wahl, No. 1,866,140; and Fleck, No. 1,894,372. The file wrapper does not indicate whether these patents were considered by the examiner.

While the statutory presumption of validity must be considered, this court has adhered to the proposition that the presumption is greatly weakened when prior art patents have not been cited or considered by the Patent Office. Kennatrack Corp. v. Stanley Works, 314 F.2d 164 (7th Cir. 1963); A R Inc. v. Electro-Voice, Inc., 311 F.2d 508 (7th Cir. 1962). Failure of the Patent Office to cite prior art should not make the presumption of validity conclusive. We do not think that the examiner's failure to cite the pertinent prior art means that he considered the art and found it irrelevant; rather, it may be presumed he overlooked it.

The district judge analyzed the Steedman, Wahl, and Fleck patents and compared them with the Mazeika patent. We think no purpose would be served by an attempt to restate the findings; it suffices if we incorporate those which are pertinent.[2]

1. The claim reads:
"A seal for an expellable plunger of an air gauge, said plunger at one end thereof providing a circular flange, a cup-shaped washer mounted on the opposite side of said flange of said plunger, a member threadably connected to said plunger so as to connect said washer in facial abutment with the flange of said plunger, said washer having an upwardly and outwardly tapered peripheral edge portion engageable with the side wall of said cylinder and providing a spring seat, a compression spring having an end portion encircling said member and seated in the spring seat provided by said cup-shaped washer and engageable with said tapered peripheral edge thereof to urge said peripheral edge into sealing contact with the inner walls of the air gauge."

2. Steedman patent No. 1,000,563, dated August 15, 1911, which was not cited nor considered by the Patent Office, is prior art clearly analogous to that of the patent in suit. Forty-five years before Mazeika made his alleged invention, Steedman set forth in clear terms the same problem posed by the patent in suit and provided the same solution to the problem. Steedman's solution consisted of equipping a piston that is reciprocatingly mounted in a cylinder with a compression spring held in place by a carrier that is threadably connected to the piston, which spring continually bears outwardly on the peripheral edge of a tapered, resilient cup-shaped washer, thereby always effecting a "perfectly tight joint" or "seal" between the piston and the inner walls of the cylinder within which the piston

Milton argues that in order that the claim in issue be anticipated by the prior art, "all the elements of the combination, or their mechanical equivalents, should be found in a single patent or description, where they do substantially the

moves. Steedman discloses means for effecting a seal which embodies all of the elements of the claim in suit. The evidence does not show that the device of the Steedman patent was ever utilized commercially, but this fact has no bearing on its character as either an anticipation or as showing that the patent in suit lacks the quality of invention.

The Steedman patent is more pertinent than any of the prior art patents cited and considered by the Patent Office. This is particularly true of Druge patent No. 2,530,005, which does not contain a compression spring to urge the tapered peripheral edge of a flexible cup-shaped washer into sealing contact with the inner walls of a cylinder, as is the case in both Steedman and the patent in suit. Steedman provides the very thing which the Patent Office believed Mazeika had contributed over Druge and thus involves a substantial element in the defense of anticipation which was not considered by the Patent Office. The court is convinced that the Patent Office would not have granted the patent in suit if the Steedman patent had been considered.

It is inconsequential that Mazeika uses his compression spring only when the gauge plunger returns to its zero or initial position, while Steedman discloses the use of a sealing spring during continuous movement of the plunger. In view of Steedman's disclosure, Mazeika's adaptation of such an old compression spring to intermittent operation was nothing more than a design choice well within the knowledge of one skilled in the art.

Wahl patent No. 1,866,140, dated July 5, 1932, is another pertinent prior art patent not cited by the Patent Office. Wahl achieves in a tire or pressure gauge the same result as that of the patent in suit in substantially the same manner utilizing fully equivalent means. Almost twenty-five years prior to the time Mazeika made his alleged invention Wahl recognized that difficulty had been experienced in maintaining a "leak-tight joint" or seal between a cup-shaped washer and the wall of a pressure chamber within which the piston or plunger of a tire or pressure gauge is movable. To solve this problem Wahl disclosed means which acts to exert an outward pressure on the cupped portion of a washer when the piston or plunger is in its final or zero position to maintain said cupped portion of the washer in "leak-tight engagement" with the wall of the pressure chamber.

The "means" for maintaining the cup-shaped washer in Wahl in "leak-tight" or sealing engagement with the interior wall of the pressure chamber consists of a disk, made of resilient material, which is formed on its upper face with a circumferential rib, the outer face of which tapers inwardly toward its outer end to provide a conical surface. This conical surface is adapted to engage the inner wall of the cup-shaped washer and press the same outwardly as said washer rides over and seats against said conical seat when pressed there against by the force of the spring that encircles the indicator bar. The cooperative relation between the cup-shaped washer, the spring and the disk is such that a "leak-tight joint" or seal between the cup-shaped washer and the inner wall of the pressure chamber will always be maintained when the piston or plunger is in its initial or zero position.

All elements of the Mazeika claim or their equivalents are present in Wahl. Although Wahl does not disclose a compression spring engageable with a cup-shaped washer, the circumferential rib, being composed of a "resilient" material, is the full equivalent. It does substantially the same thing in substantially the same way, to achieve substantially the same result.

Plaintiff has failed to show that the substitution of the compression spring by Mazeika in place of Wahl's conical circumferential rib was anything more than a design choice of a mechanic skilled in the art.

Wahl is more pertinent prior art than Druge patent No. 2,530,005. The circumferential rib means of Wahl, being composed of a resilient material, may not properly be equated with the shoulder of Druge which is an integral part of the metal chuck head.

Fleck patent No. 1,894,372, dated January 17, 1933 was not cited or considered by the Patent Office. Fleck discloses, in a combination tire gauge and tire valve, a plunger reciprocally mounted in a sleeve. At its inner end the plunger is provided with an inverted cup-shaped washer interposed between a washer and a nut threaded onto the plunger. The free end of a compression spring rests upon a seat formed by fingers and the other end of the spring is soldered to the nut. Fleck discloses all of the elements of the Mazeika claim in suit. The piston assembly is such that the similar cup-

same work by substantially the same means," citing this court's decision in Chicago Lock Co. v. Tratsch, 72 F.2d 482, 487 (7th Cir. 1934); and that an examination of the Steedman, Wahl, and Fleck patents shows that none meets this requirement. We disagree. Judge La Buy found the same or equivalent elements in each of the prior patents when compared with the claim in issue. There was no error in his findings or in the legal conclusion drawn therefrom that there was no invention. Each of the prior patents fully anticipated what Mazeika now claims is a patentable improvement of an air gauge.

Since the Mazeika patent was anticipated, we need not consider the relevancy of section 103 of the Patent Act even though the district judge rested his decision in part on obviousness.

■ Moreover, we do not consider any commercial success Milton may have enjoyed by manufacturing the Mazeika pat-

ent. Commercial success *per se* does not supply the quality of invention. Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950)

In view of our holding on the issue of validity, we do not reach the question of infringement.

Milton contends that there was no finding that it ever charged Fowler with infringement of the Mazeika patent; that the declaratory judgment action was filed for the purpose of harassing Milton; and because of Fowler's bad faith in instituting the action, the district court erred in not dismissing the action and awarding costs and attorney fees.

The district judge ruled that the declaratory judgment action involved validity as well as infringement and that it was not brought by Fowler in bad faith. We think the judge's ruling was correct.

The judgment is affirmed.

shaped sealing washers of both Fleck and Mazeika are each compressed between two coacting springs. * * * In the Fleck disclosure, the compression takes place between the metal washer or flange, which is movable relative to the piston, and the spring, through the nut, which is not movable relative to the piston. In the Mazeika patent, the compression is shown as taking place between the circular flange, which is not movable relative to the piston, and the end of spring, which is movable relative to the piston. It is of no consequence that the spring of the Fleck device remains seated in the cup-shaped washer throughout the whole operating cycle, especially since the Mazeika patent description and claim are completely silent as to what happens to spring during the operating cycle of the patented device. * * * The selection by Mazeika of the movable part of a compression structure was mere engineering design choice and does not amount to invention.

The evidence shows that to effect a seal in an air gauge Mazeika did no more than to substitute a spring resetter means seated in a cup-shaped washer for other types of resetter means which were al-

ready well known in the art long prior to his alleged invention, as shown in the patents to Reynolds, Druge and Wahl. In making this substitution no change was made in either the shape or disposition of the cup-shaped washer. No new mode of operation was involved and no new result was achieved.

The prior art also discloses that, at the time Mazeika made his alleged invention, the use of springs to accomplish the spreading and sealing of cup-shaped washers was old and well known, as is shown in the patents to Steedman, Oliver and Fleck.

The prior art shows that it was an old expedient, known long prior to Mazeika's alleged invention, to utilize a so-called "resetting spreader" operative to restore the edges of a cup-shaped washer into contiguity with the inner walls of a cylinder when the piston or plunger is returned to its initial or zero position. It was also an old expedient, particularly in general piston applications, to utilize spring expanders for the purpose of maintaining a sealing relationship between a cup-shaped washer and the sides of a cylinder within which a plunger was movable.