**CANAAN PRODUCTS, INC., Plaintiff-Appellee,**

v.

**EDWARD DON & COMPANY, John Sexton & Company, American Hospital Supply, Corp., North Central Airlines, Inc., Defendants-Appellants.**

No. 16137.

United States Court of Appeals
Seventh Circuit

Jan. 8, 1968.

Rehearing Denied Feb. 14, 1968.

Jerold S. Solovy, Edwin M. Luedeka, Robert B. Jones, Anderson, Luedeka, Fitch, Even & Tabin, Raymond, Mayer, Jenner & Block, Donald R. Harris, Chicago, Ill., for defendants-appellants.
Of counsel:

Raymond, Mayer, Jenner & Block, Chicago, Ill., for Edward Don & Company.

Anderson, Luedeka, Fitch, Even & Tabin, Chicago, Ill., for John Sexton & Company.

Spray, Price, Hough & Cushman, Chicago, Ill., for American Hospital Supply Corp.

Harold L. Rutchick, St. Paul, Minn., for North Central Airlines, Inc.

Charles J. Merriam, William A. Marshall, Alvin D. Shulman, Chicago, Ill., for appellee, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and SWYGERT, Circuit Judge.

DUFFY, Senior Circuit Judge.

This is an appeal from a judgment which adjudicated that Williams United States Patent No. 3,057,467, was valid and infringed. This patent relates to a moist paper applicator enclosed in a heat-sealed pouch which, upon being opened, can be used to wash the hands and face, and then can be used as a drying towel. The 3″ x 2″ package of plaintiff's product Wash 'n Dri is small enough to be carried in a pocket.

The patent in suit was issued on October 9, 1962, to Colgate-Palmolive Company which had acquired the patent by mesne assignments from the inventor, Ross R. Williams. Colgate assigned the patent on December 12, 1963 to its wholly-owned subsidiary, Canaan Products, Inc.

The claims of the patent call for a folded disposable applicator made of wet-strength paper which is saturated with a lotion "comprising a cleansing agent in a volatile vehicle of water and alcohol." The saturated paper applicator is enclosed and sealed in a heat-treated metal foil envelope. While sealed, the contents are effectively protected from contamination and from loss by leakage or evaporation. In use, the envelope is torn open and the impregnated paper is unfolded and used both as a wash cloth and a towel.

The patent description states the applicator serves to wet the face and hands so as to remove dirt therefrom, and gradually dries out so that in a moment, the same applicator serves as a drying member removing surplus liquid from the hands and face. Thus, the applicator must serve initially as a washing implement or wash cloth, and then it dries out so rapidly that it is transformed into a drying implement or towel.

Plaintiff's commercial embodiment of the invention is known as Wash 'n Dri. It is sold to the consuming public through drug and sundry stores. It also is sold to airlines and to wholesalers for distribution in restaurants, hospitals and other similar institutions.

The first patent application filed by Williams contained thirty-five claims. All of the original claims were cancelled. Thereafter claims 36 and 38 were rejected. The rejection of these claims was appealed to the Patent Office Board of Appeals. The Board upheld the rejection of the claims. The adverse decision of the Board was contested in a suit filed in the United States District Court for the District of Columbia against the Commissioner of Patents pursuant to 35 U.S.C. § 145. The Commissioner filed an answer, but before trial the suit was dismissed with prejudice pursuant to a stipulation filed by Williams' attorney. However, prior to the dismissal of the District Court action, patent application No. 853,830 had been filed. The second application was described as a "continuation" of the first

application. The District Court in this case found that the second application did not contain new matter.

Claim I of the second application eventually became Claim I of the patent. This claim was amended to assert that the applicator was transformed from a wash cloth into a towel. It claimed a "liquid comprising a cleansing agent in a volatile vehicle of water and alcohol, said volatile vehicle drying rapidly enough that the unfolded paper sheet may be first used to apply the liquid to the skin of the user and then to dry the skin."

■ Before considering this appeal on the merits, we must pass upon a threshold question. Defendants claim that Williams' successors, including the plaintiff, are barred from prosecuting this suit by the doctrine of collateral estoppel. Defendants' argument is based upon the disposition of Williams' suit in the District Court for the District of Columbia hereinbefore described. As heretofore stated, that suit was dismissed with prejudice, based upon a stipulation filed by Williams' attorney.

■ The traditional rule of collateral estoppel requires that the parties in the first case have privity or mutuality with the parties in the second case.

In the case at bar, the plaintiff, Canan Products, Inc., is in privity with Ross R. Williams and R. R. Williams, Inc. But, in the first case, the defendant was the Commissioner of Patents.

We recognize that in recent years, a number of courts have adopted the view that no constitutional right is violated by invoking the doctrine of res judicata or collateral estoppel where the thing to be litigated was actually litigated in a previous suit and where a final judgment has been rendered and the parties against whom the doctrine is to be invoked had full opportunity to litigate the matter and did actually litigate it. Bernhard v. Bank of American National Trust and Savings Association, 19 Cal. 2d 807, 122 P.2d 892, 895 (1942) is a

case often cited as the leading case to sustain this view.

Here, the case in the District Court for the District of Columbia was not tried. There were neither findings of fact nor conclusions of law. By stipulation, there was a voluntary dismissal with prejudice of the District Court suit. The issue in that suit was whether the refusal by the primary examiner of the Patent Office to allow Claims 36 and 38 was correct. Such action by the examiner had been affirmed by the Board of Appeals in the Patent Office. On this appeal, the validity of Claims 36 and 38 is not at issue, and these claims are not before us.

Assuming the applicant for the patent had employed new counsel and that the new counsel was of the view that the suit in the District Court should not have been dismissed, it seems clear that the dismissal with prejudice would bar the commencement of another similar District Court suit.

The distinction between the doctrines of res judicata and collateral estoppel is well stated in Lawlor et al. Trading as Independent Poster Exchange v. National Screen Service Corp. et al., 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 11, 22 (1955) where the Court stated: " * * * Thus, under the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it is based on the same cause of action as the second suit."

In *Lawlor*, the Court further stated, 349 U.S. 322, 327, 75 S.Ct. 865, 868: "It is likewise true that the judgment was unaccompanied by findings and hence did not bind the parties on any issue— such as the legality of the exclusive li-

cense agreements or their effect on petitioners' business * * *." See also, United States v. International Building Co., 345 U.S. 502, 505, 506, 73 S.Ct. 807, 97 L.Ed. 1182 (1953).

Another reason for rejecting defendants' collateral estoppel[1] argument is that the facts of this case do not conform to the requirements of the collateral estoppel doctrine as previously stated by this Court. In order to successfully argue the doctrine of collateral estoppel, the same question or fact in dispute must have been judicially and finally determined between the same parties or their privies. McVeigh v. McGurren, 117 F.2d 672, 678 (7 Cir., 1940), cert. den. 313 U.S. 573, 61 S.Ct. 960, 85 L.Ed. 1531 (1941); June v. George C. Peterson Co., 155 F.2d 963, 964, 965 (7 Cir., 1946); Morgan et al. v. Inter-Continental Trading Corp., 360 F.2d 853, 855 (7 Cir., 1966). The defendants' argument does not meet the requirements as set forth in the decided cases in this Circuit. Defendants are not parties or privies to the lawsuit brought by Williams against the Commissioner of Patents. Claims 36 and 38 are not involved in this lawsuit. We hold the plaintiff is not barred from prosecuting this suit by reason of collateral estoppel.

Defendants devote considerable space in their briefs in an endeavor to show that there was no commercial success with reference to the device allegedly made pursuant to the patent in suit. Defendants stress that in the early years of operation, the Williams business operated at a loss, and that in 1958, the Williams Corporation was placed in the hands of a creditors' committee.

There could be many reasons why a business may have operated at a loss for a period of time, but certain it is that the public demand for Wash 'n Dri became widespread. The testimony shows sales of approximately 120 million packages in 1964, about 150 million packages in 1965 and about 120 million packages

---

1. Collateral estoppel and estoppel by judgment are synonymous terms. 1b Moore's

Federal Practice Second Edition 0.441 (2).

in the first half of 1966. The District Court was conservative in finding the sales of plaintiff's product were "well over 100 million packages per year."

The District Court also found there was no unusual promotion of Wash 'n Dri, and that the cost of advertising did not exceed 20% of the total sales. The Court described this cost as " * * * a relatively modest amount for the field in which it competes."

In discussing validity of the patent in suit, defendants repeatedly referred to "drying" as being solely an evaporative step. True it is that evaporation is one form of drying. However, plaintiff claims, and the District Court so found, that the drying which the moist towelettes do is an absorptive process.

Williams and plaintiff have consistently argued that patentability resided in a combination of features one of which was the washing and drying feature. Among other features emphasized were: 1) provision of a small, compact and convenient device for holding the folded paper towel with the impregnating liquid in proper condition for use over an extended storage period; and 2) provision of a paper towel not only large enough to serve as the washing and drying implement but also one which can be folded into a compact, substantially rectangular multiple pad structure by both longitudinal and transverse folds so as to be small enough to be encased within the plastic lined metal foil at a reasonable cost.

The District Court found "The removal of grime, stickiness from icing or chicken, make-up, seafood and other foods is not accomplished by evaporation of the liquid from the skin, but by transfer of these things from the skin to the applicator along with the lotion in which they are dissolved or entrained."

A demonstration that the moist towelettes dried by absorption was made in open court. In this test, a liberal amount of chocolate syrup was applied to both hands. The towelette was used to wash and dry one hand after which the same towelette washed and dried the second hand. This proved at least one thing, and that was the same towelette which had dried the first hand was still moist enough subsequently to wash and dry the second hand.

We cannot say that the finding of the District Court that the removal of materials from the skin to the applicator along with the lotion in which they are dissolved or entrained, is clearly erroneous.

Defendants' argument that there is evidence of lotion air-drying on the skin does not prove that there is no drying by absorption. The test showed that some liquid is air-dried, but defendants offer no explanation why such liquid should be free of dirt or other impurities. Both parties seem to agree that dirt does not evaporate.

■ The District Court was correct in not adopting the restrictive definition of "drying" as suggested by defendants. A patentee is his own lexicographer. The terms he uses should be interpreted to read upon the structure he describes in the patent. Minneapolis-Honeywell Reg. Co. v. Midwestern Inst., Inc., 298 F.2d 36, 39 (7 Cir., 1961). See also United States v. Adams et al., 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966). The definition urged by defendants would prevent the claims from covering the only specific example in the patent.

The principal patent in the prior art cited against the patent in suit by defendants is Wille Patent, U. S. 1,993,469. Defendants urge that it was the duty of plaintiff's predecessor to have cited this case to the Patent Office.

The District Court noted that this patent is now listed in Class 15, Subclass 209, which was one of the classes searched by the examiner before he allowed the patent in suit. The Court found "There is no reason to believe that the Wille patent is not one of the patents studied by the examiner in his search and discarded as not being relevant." Therefore, this case is distinguishable from Milton Manufacturing

Co., Inc. v. Potter-Weil Corp., 327 F.2d 437, 439 (7 Cir., 1964). In *Milton*, this Court held that the Patent Office did not consider certain prior art. Such is not the case here, as was found by the District Court.

The Wille patent relates to a felt material so thick and strong as to be like leather and was intended to replace "a brush, pumice stone and scrubbing sand." There is no evidence that the Wille structure was made commercially. In any event, the teachings of Wille were available for twenty years before the Williams' product was placed on the market. The District Court stated " * * neither the defendants nor their suppliers have ever sold the product disclosed in Wille; and when the Williams' product came out, defendants' suppliers copied Williams."

The envelope, paper and lotion are all individually old. However, the manner in which they are combined and the results of the combination were clearly unobvious.

The fact that a small piece of paper can perform the same drying function as a cloth or paper towel while it remains moist was also not obvious.

■ The fact that defendants cannot explain how it happens even after it has been done, is strong proof of the unobviousness of such a combination.

■ Indeed, it is not necessary that the patentee understands or is able to state the scientific principles underlying his invention. Diamond Rubber Company of N.Y. v. Consolidated Rubber Tire Company, 220 U.S. 428, 435, 436, 31 S.Ct. 444, 55 L.Ed. 527 (1911); Elgen Manufacturing Corp. v. Grant Wilson, Inc., 285 F.2d 476, 479 (7 Cir., 1961).

■ We hold that Williams' United States Patent No. 3,057,467 meets the tests of patentability and is valid. Wash 'n Dri, the commercial embodiment of the invention, is novel, utilitarian and non-obvious. Graham et al. v. John Deere Co. of Kansas City et al., 383 U.S. 1, 12, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

■ Products sold by defendants which are claimed to infringe were sold under names such as "Wash-Up," "Wet-Nap," "Fresh-Nap" and "Tomac." Prior to using such brands, each defendant, except North Central Airlines, had sold Wash 'n Dri. No defendant conducted any research or development of its own. There is substantial evidence to support the findings and conclusions of the District Court that the defendants infringed the patent in suit.

North Central contends that the plaintiff offered no evidence as to the type of moist towelette purchased from Lensclean, Inc. We think the finding of the District Court to the contrary is sustained by pretrial admissions and also by answers to questions which appear in the Weinberger deposition. Weinberger was the president of Lensclean, Inc.

Other contentions of defendants have been considered but we do not believe further discussion of such points is required.

The judgment of the District Court that letters patent United States No. 3,057,467 is valid and infringed by the defendants is

Affirmed.