**Robert BECHSTEIN, Plaintiff,**

v.

**BRANDENBURGER & DAVIS, a California Corporation, Defendant.**

No. 78–C–611.

United States District Court,
E. D. Wisconsin.

Aug. 16, 1979.

Donald H. Mueller, Milwaukee, Wis., for plaintiff.

Brennan & Brennan by Joseph K. Brennan, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on cross motions for summary judgment. For reasons which follow, the defendant's motion will be granted, and this action will be dismissed.

The following facts appear to be undisputed. The plaintiff is a resident of the state of Wisconsin. The defendant is a California corporation. In May 1978, James Gleason, an agent of the defendant corporation, called the plaintiff at home and proposed that the plaintiff and the defendant enter into a contract under which the defendant would attempt to secure for the plaintiff a portion of his uncle's estate which was then being probated in the state of California.

On May 14, 1978, Mr. Gleason came to Milwaukee and met the plaintiff at his home. After that meeting, Mr. Gleason and the plaintiff signed a contract, which provided in pertinent part:

"In consideration of your having brought to my attention certain assets in which I may have an interest, derived from the Estate of William F. Bechstein, Deceased, Placer County, and in consideration of your further efforts and investigations to gather all available geneological facts regarding my said claim, I hereby assign to you a one-third interest in such assets to which I may be found entitled.

"You are hereby authorized to take such steps as may be necessary to protect and recover my share of said assets, as well as your own, and for that purpose to employ counsel of your own choice, if necessary. It is understood, however, that I may employ independent counsel of my choice and at my expense to represent my separate interest if I should so desire.

"I am to have absolutely no personal responsibility to you or anyone else for costs or expenses of any kind which may be incurred by you."

Some time later, the plaintiff decided that he no longer desired the services of the defendant. Accordingly, on July 27, 1978,

pursuant to § 423.101 et seq. of the Wisconsin Consumer Act, the plaintiff sent a notice to the defendant of his intention to rescind the agreement. In October 1978, the plaintiff filed in a California state court a reply in opposition to the defendant's petition in that court for approval of the assignment of ⅓ of the plaintiff's interest in the estate in question. Among the grounds relied on by the plaintiff in his reply was that the agreement between the defendant and himself was "null and void as it is in violation of Wisconsin law." In an order entered on November 20, 1978, the California state court approved the assignment and the agreement itself. On June 1, 1979, a judgment settling the estate was entered. The plaintiff's share of the estate was found to be $30,000, of which $10,000 was assigned to the defendant pursuant to its agreement with the plaintiff. Prior to this judgment, on September 22, 1978, the plaintiff filed the instant action seeking a declaratory judgment that the agreement between the parties was void under Wisconsin law.

The instant motions for summary judgment raise two basic issues: (1) whether the Wisconsin Consumer Act applies to the agreement in this case, and (2) whether the California judgment regarding the validity of the agreement in this case bars this court's consideration of that agreement. In my opinion, the Wisconsin Consumer Act does not apply to this case in the way urged by the plaintiff, and even if it did, the final judgment of the California state court regarding the validity of the agreement would preclude this court from reconsidering that issue.

Section 423.202(1), Wis.Stats., provides that "a customer has the right to cancel a consumer approval transaction until midnight of the 3rd business day after the merchant has given the notice to the customer" that he has a right to rescind. Section 423.201 defines three essential elements for an agreement to fall into the category of a "consumer approval transaction": (1) the agreement must be "initiated by face-to-face solicitation away from a regular place of business of the merchant or by mail or telephone solicitation directed to the particular customer;" (2) the "writing evidencing the transaction is received by the merchant away from a regular place of business of the merchant;" and (3) the transaction "involves the extension of credit or is a cash transaction in which the amount the customer pays exceeds $25."

While the first two elements of the definition of a "consumer approval transaction" are met in this case, the third element is not met. The consideration supplied by the plaintiff to the defendant in this case was an assignment of ⅓ of his share of his uncle's estate. I do not believe that such consideration constituted a "cash transaction." It did not involve a "consumer credit transaction" as that term is defined in the Wisconsin Consumer Act. Section 421.301 defines that term as encompassing transactions in which "the customer's obligation is payable in instalments or for which credit a finance charge is or may be imposed." The plaintiff's obligation to the defendant in this case involved neither the payment of installments nor credit for which a finance charge might be imposed. Accordingly, the agreement in question was not the product of a "consumer approval transaction" as defined in § 423.201. As a matter of law, the plaintiff is not entitled to the declaratory relief he seeks in this action.

Moreover, the plaintiff's instant claim is barred by the judgment of the California state court. The doctrine of collateral estoppel requires that in order for a factual determination in one case to be binding on a court in a second case, three requirements must be met. First, the fact must have been litigated in the initial case. Second, the court in the initial case must have made a valid and final determination as to that fact. Third, the factual determination in the initial case must have been essential to the judgment in that case. *Canaan Products, Inc. v. Edward Don & Co.*, 388 F.2d 540 (7th Cir. 1968).

It is undisputed that the plaintiff brought his claim that his agreement with the defendant was void under Wisconsin

law to the attention of the California probate court. Despite the plaintiff's argument, that court found "that the assignment to Brandenburger & Davis was made for a fee and reasonable consideration and was not made under fraud or undue influence and the court approves the Agreement as signed." Thus, it appears that all of the elements necessary in order for collateral estoppel to apply to a case are present in this case. The California state court's disposition of the plaintiff's claim regarding the legality of the instant agreement bars this court from reconsidering the issue.

Thus, under either of the two lines of reasoning I have discussed, the defendant is entitled to summary judgment.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.